The STATE of Ohio, Appellee,

v.

CAPLINGER, Appellant.

[Cite as *State v. Caplinger* (1995), 105 Ohio App.3d 567.]

Court of Appeals of Ohio,
Fourth District, Highland County.

No. 94–CA–850.

Decided Aug. 4, 1995.

568

Rocky A. Coss, Highland County Prosecuting Attorney, for appellee.

Hapner & Hapner and John H. Hapner, for appellant.

HARSHA, Judge.

This is a delayed appeal of a judgment of the Highland County Court of Common Pleas sentencing appellant, Martin Caplinger, to an indeterminate prison term of five to ten years for a violation of R.C. 2903.06(A), aggravated vehicular homicide.

Appellant assigns three errors for our review:

"Assignment of Error No. 1:

"The trial court erred in sentencing the appellant to five to ten years for a third degree aggravated felony when the appellant was told at the time of the entering of his guilty plea that the count to which he was pleading guilty was a fourth degree felony, with a possible penalty of eighteen months to three years minimum to a five year maximum.

"Assignment of Error No. 2:

"The trial court erred in sentencing the appellant to a term of imprisonment which violated the terms of the plea negotiation on record, and failing to grant the appellant the opportunity to withdraw his plea.

"Assignment of Error No. 3:

"Appellant's plea was not knowingly and intelligently made in that (1) he was not correctly advised of the penalties, and (2) he was denied the effective assistance of counsel."

On May 7, 1992, appellant, Martin Caplinger, was the driver of an automobile involved in a single-car accident which resulted in the death of his passenger. Appellant was driving under the influence of alcohol at the time of the accident.

Subsequently, Caplinger was indicted by the Highland County grand jury on four separate counts:

"COUNT ONE: Aggravated Vehicular Homicide, with physical harm specification, in violation of Section 2903.06(A) ORC, a fourth degree felony; COUNT TWO: Involuntary Manslaughter, in violation of Section 2904.03 ORC, an aggravated felony of the third degree; COUNT THREE: Operating a Motor Vehicle Without Reasonable Control, in violation of Section 4511.202, a minor misdemeanor, and COUNT FOUR: Operating a Motor Vehicle While Under the Influence, in violation of Section 4511.19(A)(1) ORC, a first degree misdemeanor."

The indictment incorrectly indicated that count one, aggravated vehicular homicide, with a physical harm specification, was a fourth degree felony; R.C. 2903.06(B) states that appellant's violation of R.C. 2903.06(A) was a third degree felony. After the indictment, a warrant, listing count one as a fourth degree felony, was issued for appellant's arrest. Appellant pled not guilty to all counts,

and his plea appears in the trial court's journal entry listing count one as a fourth degree felony.

Appellant and the state engaged in plea bargaining. At a change of plea hearing, both the court and the prosecutor informed appellant that count one was a fourth degree felony. At the change of plea hearing, the court also informed appellant of the minimum and maximum penalties for a fourth degree felony, stating that the penalty for count one would be "either a year-and-a-half, two, two-and-a-half or three years, up to five years." The prosecutor made a similar statement. The relevant portions of the plea bargain required appellant to plead guilty to counts one and four of the indictment in exchange for the state's dismissal of counts two and three. The court approved the plea bargain, accepted appellant's guilty pleas to counts one and four, and ordered a presentence investigation. The trial court's entry journalizing the plea agreement and appellant's change of plea refers to count one of the indictment as a fourth degree felony.

Several months later at the sentencing hearing, the court correctly referred to count one in the indictment as a third degree felony, and sentenced appellant to an indefinite term of five to ten years of imprisonment on that count. No objection was raised by appellant.

After serving almost two years of his sentence, appellant filed a motion for supershock probation, which was denied. Appellant then filed a motion for a delayed appeal with this court, which we granted on December 27, 1994.[1]

Appellant's first assignment of error asserts that the trial court committed prejudicial error by failing to indicate to him the maximum sentence for the crime of aggravated vehicular homicide with a physical harm specification, in violation of R.C. 2903.06(A).

 Because appellant did not raise an objection at sentencing to the error in the indictment and the trial court's compounding of that mistake, he has potentially waived the issue on appeal. *State v. Awan* (1986), 22 Ohio St.3d 120, 122, 22 OBR 199, 201–202, 489 N.E.2d 277, 278–279. In order for this court to

---

1. We note that appellant delayed in filing his brief in the present case. This court entered an order dismissing the appeal within ten days if appellant did not file his brief, and a motion and entry showing good cause for enlargement of appellant's briefing time. Only after this order did appellant actually file a brief. We note that the brief was filed eleven days after our order was entered and that the brief was unaccompanied by a motion for enlargement of briefing time or any explanation as to why appellant delayed in filing his brief. Although we could dismiss appellant's appeal on this basis, in the interest of justice we will proceed to the merits of the case. See, generally, *State v. Kelly* (1993), 89 Ohio App.3d 320, 326, 624 N.E.2d 733, 736–737, appeal dismissed (1993), 68 Ohio St.3d 1401, 623 N.E.2d 85; *State v. Studer* (Apr. 27, 1995), Auglaize App. No. 2–94–23, unreported, 1995 WL 242279.

afford appellant any relief upon his appeal, the impropriety which he contests must rise to the level of plain error under Crim.R. 52(B). Notice of plain error is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph three of the syllabus. The plain error doctrine permits correction of judicial proceedings when error is clearly apparent on the face of the record and is prejudicial to the appellant.

As stated above, aggravated vehicular homicide with a physical harm specification is a third degree felony, the maximum prison sentence for which is ten years. R.C. 2929.11. Both the court and the prosecutor informed appellant that aggravated vehicular homicide was a fourth degree felony, carrying a maximum penalty of five years of imprisonment. Appellant asserts that by neglecting to inform him of the maximum sentence for aggravated vehicular homicide, the trial court violated Crim.R. 11(C),[2] and that had he known that the maximum penalty for aggravated vehicular homicide was ten years of imprisonment, he would not have pleaded guilty. Rather, appellant contends that he would have elected to go to trial, forcing the state to prove its case against him beyond a reasonable doubt.

The portion of Crim.R. 11(C) at issue here is Crim.R. 11(C)(2), which states:

"In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.

"(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.

"(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."

In addition to the constitutional requirements set forth in *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, Crim.R. 11 also requires trial courts to make additional inquiries of and determinations regarding criminal defendants entering guilty pleas. We direct our attention to Crim.R. 11(C)(2)(a),

---

**2.** Implicitly, appellant argues that his plea was not knowingly, intelligently, and voluntarily obtained because of the trial court's failure to inform him of the potential maximum sentence.

which required the trial court to inform appellant of the maximum sentence which he could face.

Ohio courts have determined that although literal compliance with Crim.R. 11(C)(2)(a) is preferred, it is not an absolute requirement. Rather, the trial court's actions will be reviewed for "substantial compliance" with Crim.R. 11(C)(2)(a). *State v. Johnson* (1988), 40 Ohio St.3d 130, 133, 532 N.E.2d 1295, 1298; *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474, 476–477. "Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Carter* (1979), 60 Ohio St.2d 34, 38, 14 O.O.3d 199, 201, 396 N.E.2d 757, 759–760; *Nero, supra,* at 108, 564 N.E.2d at 476, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 5 O.O.3d 52, 364 N.E.2d 1163. In other words, if it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance. *Nero, supra,* 56 Ohio St.3d at 108–109, 564 N.E.2d at 476–477. Furthermore, an appellant who challenges his plea on the basis that it was not knowingly and voluntarily made must show a prejudicial effect. *Nero, supra,* citing *Stewart, supra,* at 93, 5 O.O.3d at 56, 364 N.E.2d at 1167; Crim.R. 52(A). The test is whether the plea would have otherwise been made. *Stewart, supra,* at 93, 5 O.O.3d at 56, 364 N.E.2d at 1167.

In general, the failure of a trial court to properly inform a defendant of the maximum penalty applicable to his offense is reversible error. *State v. Gibson* (1986), 34 Ohio App.3d 146, 146–148, 517 N.E.2d 990, 991–992. In *State v. Calvillo* (1991), 76 Ohio App.3d 714, 603 N.E.2d 325, the trial court incorrectly stated the maximum penalties for the crimes charged in two separate counts of the indictment. With respect to count one, the court indicated that the maximum penalty was ten years greater than it really was; with regard to the other count, the court indicated that the maximum penalty was three-and-a-half years less than it really was. Thus, the defendant was under the impression that the total penalty he could receive was six-and-a-half years greater than it actually was.

The *Calvillo* court reversed the trial court's decision to accept the defendant's guilty plea, determining that had the defendant been properly informed, he might not have pleaded guilty, preferring instead to risk receiving the lesser total penalty at a trial where the state would have been forced to prove its case against him beyond a reasonable doubt. *Id.,* 76 Ohio App.3d 721, 603 N.E.2d at 329, fn. 5. See, also, *State v. Jones* (Sept. 22, 1994), Cuyahoga App. No. 65160, unreported, 1994 WL 520858.

In *State v. Ashley* (Mar. 31, 1993), Medina App. No. 2126–M, unreported, 1993 WL 89744, the trial court informed the defendant that the maximum penalty he

could receive was less than it actually was. In holding there was no substantial compliance with Crim.R. 11(C)(2)(a), *Ashley* notes that the trial court's misstatement of the possible penalty may have induced the defendant to enter a guilty plea.

In light of *Gibson, Calvillo,* and *Ashley, supra,* and considering the totality of the circumstances, we hold the trial court failed to substantially comply with Crim.R. 11(C)(2)(a) and that appellant suffered undue prejudice as a result. See *Stewart, supra,* 51 Ohio St.2d at 93, 5 O.O.3d at 56, 364 N.E.2d at 1167; *Nero, supra,* 56 Ohio St.3d at 108, 564 N.E.2d at 476–477.

The trial court's error in misstating the maximum sentence by five years certainly could have affected appellant's decision to plead guilty. Indeed, by indicating that the maximum penalty was only half of what it really was, the trial court could have inadvertently induced the appellant to enter a guilty plea. *Ashley, supra.*[3]

Thus, given a review of the totality of the circumstances, we conclude that the trial court failed to substantially comply with Crim.R. 11(C)(2)(a). The trial court's failure to substantially comply with Crim.R. 11(C)(2)(a) clearly resulted in prejudice to the appellant. See *Calvillo* and *Ashley, supra.* Indeed, appellant withdrew his not guilty plea and pleaded guilty to a crime which the trial court informed him carried a maximum sentence of five years, yet he is now serving a prison term of five to ten years for that very crime.

Because this irregularity rises to the level of plain error, appellant's first assignment of error is well taken. Our disposition of this assignment of error makes appellant's additional assignments of error moot. See *Jones, supra;* App.R. 12(A)(1)(c). Appellant's guilty plea is vacated, and this cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PETER B. ABELE, P.J., and STEPHENSON, J., concur.

---

3. Appellant has provided us with an affidavit stating that he would not have pled guilty had he known of the correct penalty and that he did not know of the correct penalty. We have not considered the affidavit as it is a matter outside the record. *Johnson, supra,* 40 Ohio St.3d at 134, 532 N.E.2d at 1298–1299; App.R. 9.