Defendant-appellant, Roger W. Wilson, appeals from his convictions and sentences on two felonies following guilty pleas in the Fayette County Court of Common Pleas. Appellant contends that in accepting his pleas, the trial court failed to comply with Crim.R. 11. Finding that appellant's claims are well-taken in part, we reverse and remand for further proceedings.
On February 9, 1998, appellant was indicted by the Fayette County Grand Jury[1] and charged with gross sexual imposition in violation of R.C. 2907.05(A)(4), and endangering children in violation of R.C. 2919.22(B)(3). Appellant appeared before the trial court for arraignment on February 13, 1998. Appellant's case was called by name and number; however, the charges against him were not named and the indictment was not read, nor was the reading of the indictment waived. The prosecutor informed the trial judge that appellant wished to enter guilty pleas on both counts. The prosecutor noted that he had provided appellant with two plea forms, one waiver of trial by jury form, and one waiver of counsel form, which the prosecutor had completed and appellant had already signed.
The judge then asked appellant if he understood his right to have an attorney appointed if he could not afford one. Appellant responded affirmatively and waived that right. The judge further informed appellant that if he pled guilty he would be giving up his right to a trial by a jury. Appellant indicated that he understood. The judge then informed appellant of his right to remain silent, his right to have the case proved beyond a reasonable doubt, and his rights to present witnesses and cross-examine any state witnesses. Appellant indicated that he understood these rights as well.
The judge then informed appellant that "these offenses carry possible penalties of between 1 and 5 years in prison and possible fines of $10,000." He also informed appellant of the possibility of further imprisonment for "bad time" committed in prison or violation of post-release control sanctions. Finally, the judge inquired if appellant had been threatened or promised anything in order to obtain his plea, and appellant replied that he had not. The charges against appellant were never named or discussed and appellant made no statement other than brief responses to the judge's questions.[2]
The judge did not then orally accept appellant's plea or find him guilty; sentencing was scheduled for February 17, 1998. On that date, appellant again waived his right to counsel. Appellant and a representative of the victim's family made brief statements, seeking leniency. The trial court then sentenced appellant to maximum five year prison terms on each charge, to be served consecutively. The court also determined that appellant was a sexual predator, although no testimony or argument had been heard on that matter.
In its judgment entry of conviction, the trial court noted that in accepting appellant's pleas the court had explained the pleas available to him and advised appellant of his right to counsel.[3] The entry did not state that the court had determined that appellant understood the nature of the charges against him. The court noted that appellant had been advised of his constitutional rights at trial and that appellant had denied receiving any threats or promises in connection with his plea. The court therefore accepted the guilty plea as "knowingly, voluntarily and understandingly made," found appellant guilty of both charges, and sentenced him in accordance with the announced sentence.
We granted leave for appellant to file a delayed appeal and he has presented four assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN VIOLATION OF MR. WILSON'S RIGHTS TO DUE PROCESS WHEN THE COURT SENTENCED MR. WILSON WITHOUT ACCEPTING MR. WILSON'S GUILTY PLEAS AND THUS WITHOUT FINDING MR. WILSON GUILTY.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN VIOLATION OF MR. WILSON'S RIGHT TO DUE PROCESS WHEN THE COURT FAILED TO COMPLY WITH CRIMINAL RULE 11.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN VIOLATION OF MR. WILSON'S RIGHTS TO DUE PROCESS OF LAW IN SENTENCING MR. WILSON TO THE MAXIMUM ALLOWABLE PRISON TERMS FOR TWO, THIRD DEGREE FELONIES AND ORDERING THAT THOSE TERMS BE SERVED CONSECUTIVELY.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED IN VIOLATION OF MR. WILSON'S RIGHTS TO DUE PROCESS OF LAW BY FAILING TO NOTIFY MR. WILSON THAT A SEXUAL PREDATOR CLASSIFICATION HEARING UNDER R.C. 2950.09 WOULD BE HELD AT MR. WILSON'S SENTENCING HEARING.
In his first assignment of error, appellant claims that the trial court imposed sentence without finding him guilty. The record does not support this claim. We agree that the trial court did not orally accept appellant's guilty plea during either hearing. However, the court's judgment entry of conviction clearly states that "the court accepted the guilty plea as knowingly, voluntarily and understandingly made, and the court hereby finds the defendant guilty [of both charges]." This statement preceded the trial court's sentencing entry. The court speaks through its journal entries. Gaskins v. Shiplevy
(1996), 76 Ohio St.3d 380, 382. In its judgment entry, the trial court sentenced appellant after finding him guilty. Therefore, appellant's first assignment of error is not well-taken.
In his second assignment or error, appellant contends that the trial court erred by failing to comply with Crim.R. 11(C) prior to accepting his guilty pleas.
Crim.R. 11(C) provides:
 (1) Where in a felony case the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he has the right to be represented by retained counsel, or pursuant to Rule 44 by appointed counsel, waives this right.
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 (b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 (c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.
Appellant contends that the trial court violated Crim.R. 11(C) in three respects. First, appellant maintains that the trial court failed to "readvise" him of his right to be represented by counsel. Crim.R. 10 pertains to arraignment and provides in part:
 (C) Explanation of rights. When a defendant not represented by counsel is brought before a court and called upon to plead, the judge or magistrate shall cause him to be informed and shall determine that he understands all of the following:
* * *
 (2) He has a right to counsel and the right to a reasonable continuance in the proceeding to secure counsel, and pursuant to Crim.R. 44, the right to have counsel assigned without cost to himself if he is unable to employ counsel.
Crim.R. 11(C)(1) provides that a court shall not accept a guilty plea from an unrepresented defendant unless the defendant, after being readvised of his right to counsel, waives the right to counsel. The structure of Crim.R. 10 and 11 demonstrates that notice of a defendant's right to counsel is to be provided at arraignment and, if the defendant is unrepresented, whenever a subsequent plea is entered. Here, the arraignment and the guilty plea occurred at the same proceeding. There is nothing in the rules to prohibit this, and it was therefore unnecessary for appellant to be readvised of the right of which he had just been informed. Certainly the trial court was required to advise appellant of his right to counsel. The court did so. Appellant makes no claim that his right to be informed of his right to counsel was violated. Appellant claims only that technical compliance with Rule 11(C) was not met because he was not "readvised" of that right. The Ohio Supreme Court has indicated that "rote recitation" or "parroting" of the rule is not necessary. See State v. Stewart
(1977), 51 Ohio St.2d 86, 89. Therefore, appellant's first claim under Crim.R. 11 is meritless.
Appellant next claims that the trial court failed to inform him that the court could proceed with judgment and sentencing after accepting a plea as specified by Crim.R. 11(C)(2)(b). This claim has been rejected by several courts. In State v.Ellis (June 20, 1996), Franklin App. No. 95APA10-1399, unreported, the Tenth District noted that such a claim was presented with "no rationale for reversal, no legal analysis, and no allegation of prejudice." See, also, State v. Patterson
(Sept. 23, 1994), Trumbull App. No. 93-T-4826, unreported. Appellant's sentence was not imposed immediately after his plea. The trial judge did not recite the precise verbiage of Crim.R. 11(C)(2)(b), but appellant has shown no prejudice due to this technical omission. Sentencing was conducted at a subsequent hearing. Under these circumstances, "[m]atters of reality, and not mere ritual, should be controlling." State v.Billups (1979), 57 Ohio St.2d 31, 34. Therefore, appellant's second claim under Crim.R. 11(C) is also meritless.
In his final claim under Crim.R. 11(C), appellant maintains that the trial court failed to determine that he understood the nature of the charges against him. After a thorough review of the record, we have determined that this claim is well-taken.
A plea of guilty to a felony is not necessarily void because a trial court failed to comply with Crim. R. 11(C). A plea of guilty is void if a trial court fails to inform a defendant of those Crim.R. 11(C) rights that are constitutional rights: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. SeeBoykin v. Alabama (1969), 395 U.S. 238, 89 S.Ct. 1709. A guilty plea is valid despite a trial court's failure to inform a defendant of those Crim.R. 11(C)(2) rights that are nonconstitutional rights if the trial court has substantially complied with Crim.R. 11(C)(2). State v. Colbert (1991),71 Ohio App.3d 734, 737. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Carter (1979), 60 Ohio St.2d 34, 38.
Although it is not one of the federal constitutional rights listed in Boykin, due process requires that a defendant receive real notice of the nature of the charges against him. SeeCarter. The Ohio Supreme Court has expounded upon the nature of this issue as follows:
 [T]he question before the court is whether the defendant received a notice of the charges leveled against him and, if so, did he understand the nature of those charges. As to the latter requirement, there is no easy or exact way to make such a determination, i.e. to determine what someone subjectively understands. If the defendant receives the proper information, then we can ordinarily assume that he understands that information. In this case, we must decide whether the defendant's counsel, or someone else, provided defendant with information or notice of the charges. To do so, we look at all the particular facts and circumstances surrounding the case. Johnson v. Zerbst (1938), 304 U.S. 458, 464, 58 S.Ct. 1019.
Id. at 38.
Substantial compliance with Crim.R. 11(C) does not require a rote recitation of the rule, or any particular questioning by the court. Although it may be preferred, "it is not always necessary that the trial court advise the defendant of the elements of the crime or specifically ask if he understands the charge, so long as the totality of the circumstances are such that the trial court is warranted in making the determination that the defendant understands the charge." State v. Rainey
(1982), 3 Ohio App.3d 441, 442. However, the record must affirmatively establish substantial compliance with the rule.State v. Billups (1979), 57 Ohio St.2d 31; State v. Elliott
(1993), 86 Ohio App.3d 792. Additionally, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. State v. Nero (1990), 56 Ohio St.3d 106. The test is whether the plea would have otherwise been made.Id.
Under the totality of the circumstances test, appellate courts have found that trial courts have substantially complied with their duty to determine that the defendant understands the charge in a wide variety of ways. For instance, if the indictment is read into the record, substantial compliance can be shown. See, e.g., State v. Perry (Aug. 29, 1991), Cuyahoga App. No. 58977, unreported. If the judge names the offense or offenses and the prosecutor then provides an explanation of the circumstances of the crime, substantial compliance may be shown, even if the court neglects to inquire of the defendant as to his understanding of the charge. See e.g., State v. Lelux
(Mar. 4, 1997), Franklin App. No. APA08-1018, unreported.
If defense counsel asserts that he has discussed the elements of the offense with his client, substantial compliance is often shown. See State v. Tatum (Sept. 1, 1987), Franklin App. No. 87AP-331, unreported, at 4-5. See, also, State v. Watkins (Apr. 29, 1988), Cuyahoga App. No. 54307, unreported, at 2 (defense counsel told court that he explained background of case to defendant); State v. Cowan (Sept. 3, 1986), Mahoning App. No. 85 CA 107, unreported, at 3-4 (defendant admitted that counsel had reviewed evidence); State v. Floyd (July 21, 1988), Franklin App. No. 87AP-808, unreported, at 4 (defendant signed a detailed guilty plea form, discussed the offense with his attorney, and was present when a statement of facts forming the basis of the charge was read).
In addition to statements by counsel, the defendant's own statements may provide the "other circumstances" which indicate substantial compliance with Crim.R. 11(C)(2). For instance, inState v. Randazzo (Sept. 30, 1988), Geauga App. No. 1420, unreported, the defendant's recitation of the facts underlying the charge revealed that the defendant understood the nature of the charge.
None of the above factors are present here. The indictment was not read. The charges were never even named, let alone described during appellant's plea hearing. None of the underlying facts were discussed by the trial court or by the prosecutor. Appellant was unrepresented; therefore no explanations by counsel could have provided circumstances showing substantial compliance. Appellant was not questioned concerning his understanding of the charges, and appellant made no statement indicating such an understanding.
The state argues that appellant was informed of the nature of the charge by the complaints served in the city of Washington Court House Municipal Court, by service of the indictment, and by his signed guilty pleas. The state cites no authority that these factors, standing alone or in combination, can establish substantial compliance with the trial court's duty to personally address the defendant and determine whether he understands the charges. Had the trial court discussed any of these documents during its colloquy with appellant, however briefly, our analysis would likely change. As the record reveals that the trial court did not do so, we find that the state has not pointed to any circumstance from which the trial court could determine that appellant understood the nature of the charges.
Appellant may well have received notice of the complaints in Washington Court House Municipal Court. He appeared before that court on January 21, 1998. Pursuant to Crim.R. 5, that court was required to inform him of the nature of the charges against him. However, appellant waived preliminary hearing and was bound over to the grand jury. He was not prosecuted based on the complaints filed in municipal court. Appellant pled guilty to the charges in the indictment issued by the grand jury on February 9, 1998. We do not believe that compliance with Crim.R. 5 by a separate municipal court satisfies the common pleas court's independent duty under Crim.R. 11.
The record does indicate that appellant received service of the indictment; however, the indictment was not read or discussed at the plea hearing. See State v. Taylor (Mar. 29, 1996), Geauga App. No. 94-G-1894, unreported. Appellant did receive notice of the charges. However, substantial compliance means that "under the totality of the circumstances, the defendant subjectively understands the implications of his plea." (Emphasis added.) State v. Carter (1979), 60 Ohio St.2d 34,38. If it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of any trial court error, there is still substantial compliance. State v. Caplinger (1995), 105 Ohio App.3d 567. This record does not demonstrate such appreciation or understanding. There is nothing contained in its colloquy with appellant from which the trial court could have determined that appellant understood the charges from reading the indictment or from any other source. See State v. Cookson (June 1, 1993), Montgomery App. No. 13368, unreported; State v. Mramor (Oct. 2, 1986), Cuyahoga App. No. 50976, unreported.
Finally, appellant did sign two plea forms. Those forms state that appellant appeared in court, unrepresented by counsel, and was advised by the court as follows:
 (1) That upon acceptance by the Court of a plea of guilty or no contest, the Court may proceed with sentence and judgment
 (2) That a plea of guilty must be entered voluntarily and with an understanding of the nature of the charge against the Defendant and the maximum penalty involved.
The charges were named on these plea forms and the code sections and degree of felony were specified. However, the trial court did not inquire as to whether appellant understood the charges or the plea forms. Appellant signed the forms on the date of his plea hearing, but the record reflects that the court had not advised appellant as the forms indicate. The prosecutor announced that appellant had signed the forms before the proceedings began. In State v. Gore (Feb. 7, 1981), Franklin App. No. 80AP-348, unreported, the Tenth District Court of Appeals held that a plea form could not negate the court's error where the form was signed first.
The record further reflects that the plea forms appellant signed were inaccurate even if they had been signed at the conclusion of the hearing. The court never stated that it could proceed immediately with sentence, and more importantly, the court never advised appellant that his guilty pleas must be "entered voluntarily and with an understanding of the nature of the charge against [him] and the maximum penalty involved." The court did adequately explain the maximum penalties involved but it did so only by referring to "these offenses." We also note that the trial court's judgment entry of conviction nowhere states that the court determined that appellant understood the nature of the charges to which he pled.
Appellant's unrepresented status is central to our decision. In Henderson v. Morgan (1976), 426 U.S. 637, 96 S.Ct. 2253, the United States Supreme Court expounded the fundamental due process rule that a voluntary guilty plea requires an understanding of the nature of the charge. The Court noted that vacating that plea would not "invite countless collateral attacks on judgments entered on pleas of guilty" because:
 Normally the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused. Moreover, even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit.
Id. at 647, 96 S.Ct. at 2258. We cannot presume anyone explained the nature of the offenses to appellant as he was unrepresented at all relevant times.
Therefore, whether appellant understood the nature of the offenses to which he was pleading guilty remains unclear from the record. Because this was not a plea bargain and the maximum, consecutive sentences were imposed, appellant has shown the requisite prejudice. Accordingly, appellant's second assignment of error is well-taken in part, the judgment of conviction of the Fayette County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this decision.
In light of our resolution of appellant's second assignment of error, his third assignment of error has been rendered moot. See App.R. 12(A)(1)(c). However, we briefly note that although the trial court made certain findings prior to imposing maximum, consecutive sentences, the trial court failed to state its reasons for imposing such sentences as required by R.C.2929.19(B)(2)(c) and (d). See State v. Boss (Sept. 15, 1997), Clermont App. No. CA96-12-107, unreported.
In his fourth assignment of error, appellant argues that the trial court failed to give him notice of his sexual predator classification hearing pursuant to R.C. 2950.09. In State v.McCane (Dec. 1, 1997), Clermont App. No. 97-03-023, unreported, we held that notice of a sentence hearing is insufficient to provide notice of a sexual predator classification hearing. The state has conceded that the trial court did not provide notice and that the case must be remanded for a new classification hearing. Therefore, appellant's fourth assignment of error is well-taken.
Judgment reversed and cause remanded for proceedings consistent with this opinion.
YOUNG, P.J., and KOEHLER, J., concur.
[1] Complaints against appellant had been filed in the Washington Court House Municipal Court on January 21, 1998. Appellant waived preliminary hearing and was bound over to the grand jury.
[2] Due to its brevity, we reproduce herein appellant's plea hearing, which transpired as follows:
 JUDGE: This is the case of State vs. Roger Wilson, Case No 980002. Mr. Wilson is here without an attorney. Mr. Eckstein [the prosecutor] is here. Mr. Eckstein how would you like to proceed?
 ECKSTEIN: Your Honor it's my understanding that Mr. Wilson wants to enter a plea of guilty to both counts of the indictment in case No. 98002 and I've given him two plea forms one waiver of a trial by jury and one waiver of counsel which I completed but he signed and we'd like to present those to the court.
 JUDGE: OK. Mr. Wilson do you understand you have the right to have a lawyer with you today?
WILSON: Yes.
JUDGE: Do you wish to have a lawyer with you?
WILSON: No.
 JUDGE: Do you understand that if you can't afford a lawyer the Court will appoint a lawyer for you?
WILSON: Yes.
JUDGE: Do you wish the Court to do that?
WILSON: No.
 JUDGE: Before I can accept your plea I must explain some rights that you have to you. When you plead guilty you're giving up the right to a trial. Do you understand that?
WILSON: Yes.
 JUDGE: You have the right to a trial by jury, you have the right at the trial to be represented by a lawyer, if you can't afford a lawyer you have the right to a court appointed lawyer. You have other rights at the trial. The right to remain silent, the right to have the case proved against you beyond a reasonable doubt, the right to require witnesses to be here for your defense and to question or cross examine any witnesses the State of Ohio might bring. Do you understand those rights?
WILSON: Yes.
 JUDGE: These offenses carry possible penalties of between 1 and 5 years in prison and possible fines of $10,000.00. If you are sent to prison and you violate the rules while you're there the prison authorities may extend your sentence up to one half of the sentence. Also if you're sent to prison, when you are released, the authorities may require you to be subject to their control and if you violate the rules after your release you may be further imprisoned. Do you understand that?
WILSON: Yes.
 JUDGE: Has anyone threatened you in any manner in order to obtain your plea?
WILSON: No.
JUDGE: Has anyone promised you anything?
WILSON: No.
[3] The record does not reflect that available pleas were specifically explained to appellant. The record does reflect that appellant's right to counsel was clearly explained.