Generally, the failure to properly inform a defendant of the possible maximum term of imprisonment applicable to his offense and the subsequent imposition of the maximum term is reversible error.[1] This maxim, however, is inapplicable to the unique facts of this case. The trial court did not impose the maximum sentence and, during its Crim.R. 11 colloquy with Wilson, the trial court explicitly informed Wilson that it would not do so.
Wilson argues that because he was not informed of the maximum possible term, his plea was involuntary. Failure for a trial court to comply with Crim.R. 11(C)(2) does not make a plea ipso fact involuntary.[2]
Because knowledge of the possible maximum term is not constitutionally required, the trial court had only to substantially comply with the dictates of Crim.R. 11(C)(2)(a).[3] Under the substantial compliance test, we must look to the totality of the circumstances to determine whether Wilson subjectively understood his rights and, because he challenges the voluntariness of his plea, whether Wilson demonstrated that he was prejudiced.[4] Therefore, the issue before us is whether the trial court's misstatement induced Wilson's plea of no contest or, in other words, whether Wilson would have entered the no contest plea had he had been advised of the maximum sentence.[5]
Wilson made no objection during the colloquy or when trial court accepted his plea. After acceptance of Wilson's plea, the trial court had authority to impose any sentence provided by law.[6] In the record before us there is nothing to indicate that, had Wilson been informed of the maximum time during his colloquy with the trial court, he would have chosen to go to trial and risk conviction. Thus, Wilson failed to demonstrate the prejudicial effect of the failure of the trial court to specify the possible maximum term for his offense.
In this case, where the record demonstrates substantial compliance with the Crim.R. 11 and where Wilson failed to make any objection to the acceptance of his plea, any challenge Wilson had to the trial court's acceptance should have been addressed in a motion to withdraw his plea.[7] In that procedure, Wilson would have the opportunity to put in the record evidence demonstrating that he would not have entered his plea had he known the maximum sentence. There is no such evidence in this case, nor could Wilson place such evidence before this court in his direct appeal.[8]
Thus, I concur with the majority's determination.
[1] See State v. Caplinger (1995), 105 Ohio App.3d 567,664 N.E.2d 959.
[2] Accord State v. Johnson (1988), 40 Ohio St.3d 130,532 N.E.2d 1295.
[3] See State v. Johnson (1988), 40 Ohio St.3d at 133,532 N.E.2d at 1298.
[4] See State v. Nero (1990), 56 Ohio St.3d 106, 564 N.E.2d 474.
[5] See State v. Caplinger at 572, 664 N.E.2d at 962.
[6] See State v. Martin (Nov. 27, 2000), Jackson App. No. 99CA846, unreported.
[7] Accord State v. Martin, supra.
[8] See State v. Johnson, supra.