DECISION AND JUDGMENT ENTRY
Brandon M. Jordan appeals his convictions in the Gallipolis Municipal Court for possession of drug paraphernalia, speeding and driving under the influence. He assigns the following errors:
 ASSIGNMENT OF ERROR NO. 1: THE TRIAL COURT COMMITTED REVERSIBLE ERROR TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY DENYING HIM DUE PROCESS OF LAW BY FAILING TO COMPLY WITH THE MANDATES SET FORTH IN CRIMINAL RULE 5, CRIMINAL RULE 10, AND TRAFFIC RULE 8.
 ASSIGNMENT OF ERROR NO. 2: THE TRIAL COURT COMMITTED REVERSIBLE ERROR TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY DENYING HIS MOTION TO WITHDRAW HIS UNCOUNSELED GUILTY PLEA WHEREAS THE TRIAL COURT FAILED TO PROPERLY INFORM THE DEFENDANT-APPELLANT OF THE POSSIBLE PENALTIES ASSOCIATED WITH EACH CHARGE AGAINST HIM.
Finding merit in appellant's second assignment of error, we reverse and remand this matter to the trial court.
Following a traffic stop, the state charged appellant with possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), carrying a concealed weapon in violation of R.C. 2923.12, speeding in violation of R.C. 4511.21(D)(1), and driving under the influence in violation of R.C.4511.19(A)(1). Appellant appeared before the court without assistance of counsel and pled guilty to driving under the influence, speed, and possession of drug paraphernalia; the trial court dismissed the charge of carrying a concealed weapon.
Approximately a month after his initial appearance and plea, appellant, with the assistance of counsel, moved to withdraw his guilty plea and vacate his sentence. The court denied appellant's motion and he filed a timely notice of appeal from this entry. The appellant also timely filed his brief with this court. However, the appellee filed its brief late, only after being ordered to do so. When the appellee did file its brief, it agreed with the appellant that the trial court committed prejudicial error.[1]
In the first assignment of error, appellant asserts that the trial court erred in failing to comply with Crim.R. 5, Crim.R. 10, and Traf.R. 8. However, because we lack jurisdiction to address this assignment of error, it is dismissed.
Under App.R. 4(A), a notice of appeal must be filed within thirty days of the entry of the judgment or order being appealed. Here, appellant asserts that the court did not follow the proper procedure when he pled guilty at his initial appearance on August 11, 2000. The court filed its sentencing entry on August 15, 2000, at which point the time for appeal began to run. Appellant did not file this appeal until November 2000, well past the thirty-day deadline for appeal provided in App.R. 4(A). Therefore, we lack jurisdiction to consider appellant's first assignment of error and must dismiss it.
In his second assignment of error, appellant argues that the lower court erred in denying his motion to withdraw his guilty plea. Appellant alleges that the trial court failed to inform him of the correct penalties for each offense in compliance with Crim.R. 11, and failed to comply with Crim.R. 5, Crim.R. 10, and Traf.R. 11. Therefore, appellant argues the court should have granted his motion to withdraw his plea. As mentioned earlier, the appellees concede that this assignment of error has merit. After a review of the record and briefs submitted in this case, we also agree that this assignment of error has merit; therefore, the second assignment of error is sustained.
Under Crim.R. 32.1, a trial court may grant a post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. This standard permits a defendant to withdraw his guilty plea only in extraordinary cases. State v. Smith (1977), 49 Ohio St.2d 261, 264,361 N.E.2d 1324, 1326. Thus, a trial court need not grant a post-sentence motion to withdraw a guilty plea unless the defendant establishes that a manifest injustice will result if the plea is allowed to stand. State v.Xie (1992), 62 Ohio St.3d 521, 525, 584 N.E.2d 715, 718-719; Smith,supra at paragraph one of the syllabus. The decision to grant or deny a post-sentence motion to withdraw a guilty plea is committed to the sound discretion of the trial court. _Smith, paragraph two of the syllabus. An appellate court, therefore, will not reverse the trial court's decision absent an abuse of discretion. Xie, supra. An abuse of discretion implies that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. State v. Clark (1994), 71 Ohio St.3d 466, 470,644 N.E.2d 331, 335.
A trial court's acceptance of a guilty plea must be affirmed if the trial court substantially complies with the requirements of Crim.R. 11.State v. Stewart (1977), 51 Ohio St.2d 86. Substantial compliance means "under the totality of the circumstances the defendant objectivelyunderstands the implications of his plea and the rights he is waving."State v. Carter (1979), 60 Ohio St.2d 34, 38, certiorari denied (1980),445 U.S. 953, 63 L.Ed.2d 789, 100 S.Ct. 1605; State v. Nero (1990),56 Ohio St.3d 106, 108, citing Stewart.
The portion of Crim.R. 11 at issue here is division (E), which states:
 In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty. The counsel provisions of Crim.R. 44(B) and (C) apply to division (E) of this rule.
In order to comply with Crim.R. 11(E) the trial court must engage the defendant "in a meaningful dialogue." State v. Newman (Mar. 27, 1998), Scioto App. Nos. 97CA2507 97CA2525, unreported. The trial court must also inform the defendant that he or she is waiving the privilege against self-incrimination, the right to a jury trial, the right to confront accusers, and the right to compulsory process. _Boykin v. Alabama
(1969), 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709; State v. Ballard
(1981), 66 Ohio St.2d 473 . Because these are constitutional rights, the record must affirmatively demonstrate that the waiver was both intelligent and voluntary. Boykin, supra.
Here, the trial court informed appellant that he had the right to a jury trial, that the state was required to prove his guilt beyond a reasonable doubt, he had the right to have witnesses called on his behalf and he could cross-examine any witnesses called by the state. The court also informed appellant that he had the right to testify and the right not to testify, as well as the right to have an attorney present. Therefore, appellant was informed of his constitutional rights. SeeBoykin, supra and Ballard, supra.
However, this does not end our inquiry. As we noted in State v.Caplinger (1995), 105 Ohio App.3d 567 at 572, Crim.R. 11 also requires trial courts to make additional inquiries before accepting a guilty plea. Crim.R. 11(C)(2)(a) requires the trial court to inform the accused of the maximum sentence that is available. Although literal compliance with Crim.R. 11(C)(2)(a) is preferred, it is not an absolute requirement. Rather, the trial court's actions will be reviewed for "substantial compliance" with Crim.R. 11(C)(2)(a). State v. Johnson
(1988), 40 Ohio St.3d 130, 133, 532 N.E.2d 1295; State v. Nero, supra. In other words, if it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance. Id., at 108-109. Furthermore, an appellant [***9] who challenges his plea on the basis that it was not knowingly and voluntarily made must show a prejudicial effect. Nero, supra, citing Stewart, supra, at 93; Crim.R. 52(A). The test is whether the plea would have otherwise been made. Stewart, supra, at 93.
As we noted in Caplinger, supra at 572, as general rule the failure to properly inform the accused on the maximum penalty is reversible error. Here, the trial court informed appellant that the penalty for possession of drug paraphernalia is a $100 fine and 80 hours of community service. In fact, possession of drug paraphernalia is a fourth degree misdemeanor punishable by up to thirty days in jail and a $250 fine. R.C. 2925.14(F)(1); R.C. 2929.21. The court also informed appellant that the minimum penalty for driving under the influence is three days in jail or school, a $500 fine, and a six-month license suspension. The court failed to inform appellant that his license could be suspended for up to three years. See R.C. 4507.16. The court also incorrectly informed appellant that the minimum fine was $500 when in reality the minimum fine is $250. See R.C.4511.99(A)(1). Lastly, the court informed appellant that speeding is punishable by a $20 fine and costs. Speeding is a minor misdemeanor which carries a maximum penalty of a $100 fine. R.C. 4511.99(D)(1)(a).[2]
With this erroneous information it was impossible for appellant to understand the effect and potential penalties of his guilty plea.
Appellant also argues that the court failed to comply with Crim.R. 5, Crim.R. 10, and Traf.R. 8. We agree that the court did not fully comply with these rules in that appellant was not informed that he was entitled to a continuance to obtain counsel, could have counsel appointed if necessary, was not required to make any statements and any statements made could be used against him, and that a record of his conviction would be sent to the Bureau of Motor Vehicles and become part of his driving record. This information should have been provided to appellant before the court allowed him to proceed with a guilty plea, especially given hispro se status. The informality of the entire initial appearance/plea hearing concerns us and forces us to question whether appellant understood the implications of his plea and the rights he was waiving. While some might question the wisdom of appellant's appeal given his lenient sentence, we must conclude that the court did not provide appellant with complete and accurate information as required by the Criminal Rules and the Constitution.
Therefore, we hold, as the appellee also acknowledges, that the trial court did not substantially comply with Crim.R. 11 and that this non-compliance prejudicially effected the appellant. See Stewart, supra
and Nero, supra. Allowing the appellant's guilty plea to stand would be a manifest injustice. Therefore, we find that the trial court abused its discretion in denying appellant's motion to withdraw his guilty plea.
Appellant's second assignment of error is sustained. The judgment of the trial court is reversed and this matter is remanded to the lower court.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallipolis Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Evans, J.: Concur in Judgment and Opinion.
[1] Even in the absence of appellee's acknowledgment of error, we would still be required to reverse the trial court's judgment based upon the record before us.
[2] Appellant also asserts that the court informed him of the wrong penalties regarding carrying a concealed weapon. However, this charge was dismissed so we need not determine whether this information was erroneous.