OPINION
{¶ 1} Defendant-appellant Quintin A. Howard appeals from his conviction and sentence, following a guilty plea, on counts of Engaging in a Pattern of Corrupt Activity, a felony of the second degree, and two counts of Trafficking in Cocaine, felonies of the *Page 2 
fourth degree.
 {¶ 2} Howard contends, among other things, that the trial court erred, in violation of Crim. R. 11(C)(2)(a), when it failed to inform him that he was ineligible for the imposition of community control sanctions, advising him, to the contrary, that he was eligible, but that the imposition of community control sanctions was "unlikely." We agree that the trial court erred when it accepted Howard's plea. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings, thereby mooting Howard's other assignments of error.
 I {¶ 3} Howard was charged in an eight-count indictment with one count of Engaging in a Pattern of Corrupt Activity, a felony of the second degree, two counts of Trafficking in Cocaine, felonies of the fourth degree, two counts of Trafficking in Cocaine, felonies of the fifth degree, two counts of Conspiracy to Commit Trafficking in Cocaine, felonies of the fifth degree, and one count of Conspiracy to Commit Trafficking in Cocaine, a misdemeanor of the first degree. Howard entered into a plea bargain with the State wherein he pled guilty to the one count of Engaging in a Pattern of Corrupt Activity, and two counts of Trafficking in Cocaine, as felonies of the fourth degree. Pursuant to the plea bargain, the State dismissed the remaining charges.
 {¶ 4} At the hearing set for sentencing, but before Howard was sentenced, he moved to withdraw his plea. His counsel also moved to withdraw as defense counsel. These motions were denied, and Howard was sentenced to eight years imprisonment on *Page 3 
the second-degree felony count, and two eighteen months imprisonment on each of the fourth-degree felony counts. The two eighteen-month sentences were ordered to be served consecutively, but concurrently with the eight-year sentence, so that the aggregate sentence was eight years.
 {¶ 5} From his conviction and sentence, Howard appeals.
 II {¶ 6} Howard's First Assignment of Error is as follows:
 {¶ 7} "THE TRIAL COURT ERRED IN ACCEPTING MR. HOWARD'S PLEAS WHICH WERE NOT MADE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY."
 {¶ 8} In this assignment of error, Howard attacks the validity of his plea. Crim. R. 11(C)(2)(a) requires that a trial court, before accepting a plea of guilty to a felony, must address the defendant personally and determine "that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible forprobation or for the imposition of community control sanctions at thesentencing hearing." (Emphasis added.)
 {¶ 9} Howard and the State agree that Howard was not, in fact, eligible for the imposition of community control sanctions because he was subject to a mandatory prison term under R.C. 2929.13(F)(6), having previously been convicted of a first-degree felony.
 {¶ 10} The trial court did not advise Howard that he was not eligible for the *Page 4 
imposition of community control sanctions. To the contrary, the trial court advised Howard as follows:
 {¶ 11} "THE COURT: At the time of sentencing, the Court is required to decide what to do with your case. You can either be sent to prison or be placed on community control. Community control is not likely because you've been to prison once before for an extended time period. You currently are serving a post release control administrative matter and then you have multiple charges here. But it's possible, but not likely.
 {¶ 12} "Do you understand that?
 {¶ 13} "DEFENDANT HOWARD: Yes, sir.
 {¶ 14} "THE COURT: And community controls means probation. In that case the Court would supervise your life. Whatever community control would take place could not begin to take place until you are released from prison for whatever reason you might be in prison.
 {¶ 15} "Do you understand that?
 {¶ 16} "DEFENDANT HOWARD: Yes, sir.
 {¶ 17} "THE COURT: If you're on community control the Court supervises your life. The Court can tell you where you live, with whom you can live, what hours you keep, whether you can drive a motor vehicle, how you dress, how you look, how you conduct yourself, whether you have to pay fines or costs, whether you have to perform community service, whether you have to spend time in jail or a halfway house-type facility, or receive counseling. All of those and many other areas of your life are subject to the control of the Court. *Page 5 
 {¶ 18} "Do you realize that?
 {¶ 19} "DEFENDANT HOWARD: Yes.
 {¶ 20} "THE COURT: If you're on that kind of supervision and you're charged with violating any one of the conditions, you can be arrested and brought before the Court for a hearing. After the hearing, you can be returned to community control with additional conditions of supervision. You could be sent to jail for an extended period of time, sent to a halfway house-type of facility or you could be sent to prison at that time.
 {¶ 21} "Do you realize that?
 {¶ 22} "DEFENDANT HOWARD: Yes."
 {¶ 23} Howard makes the argument that he was incorrectly informed that he was eligible for community control sanctions, when, in fact, he was subject to a mandatory prison term. He cites State v. Chessman, Greene App. No. 03CA100, 2006-Ohio-835, for the proposition that this was reversible error.
 {¶ 24} The State contends that the trial court substantially complied with the requirements of Crim. R. 11(C)(2)(a) when it advised Howard that community control was an unlikely outcome, given his prior criminal history. The State cites two cases on the issue of substantial compliance: State v. Nero (1990), 56 Ohio St.3d 106; and State v.Caplinger (1995), 105 Ohio App.3d 567. The State cites State v.Nero, supra, for the proposition that: "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving."56 Ohio St.3d 107. The State cites State v. Caplinger, supra, for the clarification of this proposition that: "[I]f it appears from the record that the *Page 6 
defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance." 105 Ohio App.3d 572.
 {¶ 25} The effect of Howard's plea was that he would be subject to a mandatory prison term that would render him ineligible for the imposition of community control sanctions. He could not have appreciated this effect of his plea, because he was misadvised by the trial court that he would be eligible for the imposition of community control sanctions. Ineligibility for (as opposed to the unlikelihood of) the imposition of community control sanctions is deemed to be a sufficiently important effect of a plea of guilty or no contest that it is specifically incorporated in Crim. R. 11(C)(2)(a) as a subject that must be specifically addressed by the trial court, concerning which the defendant's understanding must be specifically determined by the trial court.
 {¶ 26} We conclude that the trial court's having advised Howard that the imposition of community control sanctions was unlikely in his case did not satisfy the requirement, under the Rule, that the trial court determine that Howard understood that he was not eligible for the imposition of community control sanctions, especially where the trial court affirmatively mis-advised Howard that he was eligible for the imposition of community control sanctions. Howard's First Assignment of Error is sustained.
 III {¶ 27} Howard's Second, Third, and Fourth assignments of error are as follows:
 {¶ 28} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED MR. HOWARD'S PRE-SENTENCE MOTION TO WITHDRAW HIS GUILTY PLEAS. *Page 7 
 {¶ 29} "MR. HOWARD WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.
 {¶ 30} "THE TRIAL COURT ERRED BY ORDERING MR. HOWARD TO PAY FINES AND RESTITUTION WITHOUT FIRST DETERMINING MR. HOWARD'S ABILITY TO PAY."
 {¶ 31} In view of our disposition of Howard's First Assignment of Error, his remaining assignments of error are overruled as moot.
 IV {¶ 32} Howard's First Assignment of Error having been sustained, and his remaining assignments of error having been overruled as moot, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
 BROGAN and GRADY, JJ., concur. *Page 1