[Cite as *State v. Williams*, 2014-Ohio-701.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99901**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MANUELLE WILLIAMS

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED IN PART, REVERSED IN PART
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-567181

**BEFORE:** Jones, J., Boyle, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** February 27, 2014

**ATTORNEY FOR APPELLANT**

Paul A. Mancino
Mancino Mancino & Mancino
75 Public Square Bldg.
Suite 1016
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Katherine Mullin
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant, Manuelle Williams, appeals his conviction and sentence rendered after he pleaded guilty to attempted murder and felonious assault. We affirm in part and reverse in part.

## I. Procedural History

{¶2} In 2012, Williams was charged with one count each of attempted murder, aggravated robbery, and felonious assault. He was charged along with three codefendants in the severe beating of an autistic man. Williams entered into a plea agreement with the state in which he agreed to plead guilty to attempted murder and felonious assault. The state asked the court to dismiss the aggravated robbery charge.

{¶3} At the plea hearing, the trial court informed Williams that his attempted murder and felonious assault convictions would merge for sentencing purposes. But at the sentencing hearing, the trial court sentenced Williams to seven years for attempted murder and a separate seven-year sentence for felonious assault.

{¶4} Williams filed a notice of delayed appeal, which we granted, and raised the following assignments of error for our review:

[I.] Defendant was denied due process of law when the court multiply [sic] sentenced defendant for attempted murder and felonious assault after advising defendant that these offenses would be merged.
[II.] Defendant was denied due process of law when his plea was induced by improper promises by the court.

[III.] Defendant was denied due process of law and his right to a fair and impartial tribunal when the court relied on facts from a [trial] or pleas by a co-defendant.

[IV.]    Defendant was denied due process of law when the court failed to inform defendant concerning the effect of a plea of guilty.

[V.]    Defendant was denied his rights under the Sixth Amendment when the court, at sentencing, relied upon facts neither alleged in the indictment nor admitted by defendant at his plea.

[VI.]    Defendant was denied due process of law and equal protection of the law when he was sentenced to a greater sentence than the other three co-defendants.

{¶5} The assignments of error will be combined for purposes of review into two categories: plea and sentencing hearing.

## II.    Law and Analysis

**Plea**

{¶6} In the second and fourth assignments of error, Williams challenges his guilty pleas.   He claims that he was induced to plead guilty because he thought by the court's statements at the plea hearing he would get less than seven years in prison, and the trial court failed to inform him of the effect of a guilty plea.

{¶7} Pursuant to Crim.R. 11(C)(2), a court shall not accept a guilty plea in a felony case without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront

witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶8} The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981).

{¶9} A trial court must strictly comply with the Crim.R. 11(C)(2)(c) requirements that relate to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. Under the more stringent standard for constitutionally protected rights, a trial court's acceptance of a guilty plea will be affirmed only if the trial court engaged in meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights "in a manner reasonably intelligible to that defendant." *Ballard*, paragraph two of the syllabus.

{¶10} With respect to the nonconstitutional requirements of Crim.R. 11, set forth in Crim.R. 11(C)(2)(a) and (b), reviewing courts consider whether there was substantial compliance with the rule. *Veney* at ¶ 14-17. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). "[I]f it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance." *State v. Caplinger*, 105 Ohio App.3d 567, 572, 664 N.E.2d 959

(4th Dist.1995). Further, a defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the plea colloquy are at issue. *Veney* at ¶ 17.

{¶11} In the case at bar, our review of the record shows that the trial court adhered to the requirements of Crim.R. 11. During the plea colloquy, Williams affirmatively expressed that he understood his rights and that he understood he was giving up those rights by entering a guilty plea. The trial court explained each count to Williams, informed him of the maximum time he could receive on each count, and explained to him the sentencing range for each offense to which he was pleading guilty.

{¶12} Williams claims that he was induced to plead guilty because the court made him think he would receive less than seven years in prison, but the record belies that claim. The trial court told Williams that it would make no promises as to the length of his sentence but that it would consider giving him "the mid to higher end range for a felony of the first degree." The court then indicated that the range it would consider would be from six to nine years in prison and it would make its final determination after it reviewed his presentence investigation report. Three times the court asked Williams if he understood the range in sentencing and each time Williams responded, "Yes." Moreover, Williams told the trial court he understood his rights and the possible penalties associated with his plea.

{¶13} Williams also argues that he did not understand the effect of pleading guilty. But a

defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his guilty plea as required by Crim.R. 11 is presumed not to be prejudicial.

*State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, syllabus. Here, the record reflects that Williams understood the rights he would waive by pleading guilty, he never claimed actual innocence, and he indicated his understanding of the maximum sentences that could be imposed. Accordingly, the record sufficiently demonstrates that Williams understood that by entering a guilty plea, he admitted to committing the charged offenses.

{¶14} Based on the record, we find no fault with the plea colloquy, or that Williams did not understand the rights that he waived, or that his plea was not knowingly and intelligently made.

{¶15} The second and fourth assignments of error are overruled.

**Sentencing**

{¶16} In the remaining assignments of error, Williams challenges the sentence the trial court imposed. In the first assignment of error, Williams argues that the trial court erred in failing to merge the felonious assault and attempted murder convictions. The state concedes the assignment of error, and we agree.

{¶17} R.C. 2941.25 provides as follows:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶18} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court established, through a two-tier test, that the conduct of the accused must be considered when determining whether offenses are allied offenses of similar import subject to merger. The first inquiry focuses on whether it is possible to commit multiple offenses with the same conduct. *Id.* at ¶ 48. If the offenses "correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import." *Id.* It is not necessary that both crimes are always committed by the same conduct, only whether it is possible for the defendant's conduct to result in the commission of both offenses. *Id.* If it is possible to commit both offenses with the same conduct, then courts must look at the "state of mind" of the offender to determine if the offender acted with a separate animus or purpose in committing two or more offenses. *Id.*

{¶19} Under *Johnson*, the facts of the criminal conduct must be evaluated to determine whether the offenses are allied offenses subject to merger.

Post *Johnson*, courts must undertake a case-by-case inquiry as to whether the defendant's conduct can constitute the commission of more than one charged offense.

*State v. Hicks*, 8th Dist. Cuyahoga No. 95169, 2011-Ohio-2780, ¶ 10.

**{¶20}** The record here demonstrates that the attempted murder and the felonious assault convictions should have merged; moreover, the trial court indicated at the plea hearing that they would. Accordingly, the first assignment of error is sustained and the case is remanded for resentencing, at which the state shall elect on which count to proceed. *See State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 25.

**{¶21}** In the third, fifth, and sixth assignments of error, Williams challenges the length of his sentence, arguing that the trial court relied on improper evidence when sentencing him and that he should have received a sentence commensurate with his codefendants. However, because we are remanding the case for resentencing under the first assignment of error, these arguments are now moot. *See* App.R. 12(A)(1)(C).

**{¶22}** Accordingly, judgment is affirmed in part and reversed in part; case is remanded for resentencing consistent with this opinion.

It is ordered that appellant and appellee split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, A.J., and
MARY EILEEN KILBANE, J., CONCUR