DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, which found appellant guilty of one count of rape, in violation of R.C. 2907.02(A)(2), a first-degree felony, one count of aggravated burglary, in violation of R.C. 2911.11(A)(1), a first-degree felony, and one count of gross sexual imposition, in *Page 2 
violation of R.C. 2907.05(A)(1), a fourth-degree felony. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellant, Rico M. Reed, sets forth the following sole assignment of error:
 {¶ 3} "THE VERDICT WAS UNSUPPORTED BY AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. On May 6, 2007, at approximately 6:30 a.m., a 22-year-old single mother at home with her two-year-old son in North Toledo was getting ready to leave for her job at an area fast food restaurant. The woman unexpectedly heard a knock at her front door. She inquired as to who was at the door. A man responded, "Mississippi." Appellant, who is commonly referred to by the nickname "Mississippi" was known to the woman as a friend of one of her friends. Their mutual friend goes by the nickname "Dinky." Appellant asked if Dinky was present. The woman replied that he was not at her home. At this point, she presumed appellant had gone along his way and she continued in her morning routine of getting ready for work.
 {¶ 5} Several minutes after appellant had been at the woman's front door, she went outside to put her son's diaper bag in her car. She went back into her home to use the restroom, get her son ready, and leave for work. Upon leaving the bathroom inside her home, she was startled to discover that appellant had come into her home. The woman repeatedly asked appellant to leave her home. Appellant refused, forced the *Page 3 
woman onto her living room sofa, lifted her work uniform shirt, bit her left breast, and proceeded to vaginally rape her.
 {¶ 6} While exiting the residence after the rape, appellant admonished the woman not to report the incident. A neighbor of the woman, who is familiar with appellant, observed appellant leaving the woman's residence around the time of the rape as the neighbor was returning from her Sunday
 {¶ 7} morning ritual of taking a walk to buy coffee at a nearby neighborhood convenience store.
 {¶ 8} Following the incident, the victim proceeded to report to her place of employment. She called Dinky on her way to work and told him what had occurred. Upon arriving at work, she was visibly upset and unable to work. She reported being raped to her supervisor, who sent her to St. Anne's Hospital emergency room for medical treatment. The woman was examined by a sexual assault nurse examiner, or "SANE" nurse. A rape kit was performed. The medical examination performed shortly after the rape revealed bite marks to her left breast, cervical bruising and multiple vaginal tearing. Subsequent testing of the DNA recovered in the rape kit was a match for appellant.
 {¶ 9} The woman's friend, Dinky, advised the police officers who responded to the victim's home of the identity and home address of appellant. The investigating officers immediately went to appellant's home, were permitted inside by his wife, and discovered appellant in a bedroom pretending to be asleep and smelling heavily of alcohol. Appellant initially denied any knowledge of the woman or any encounter with *Page 4 
the woman. After being advised that his DNA would be taken and tested in comparison with the DNA recovered from the rape kit, appellant recalled who the woman was and claimed that they had a one time encounter of consensual sex that morning at the initiation of the victim.
 {¶ 10} On May 16, 2007, appellant was indicted on one count of rape, one count of aggravated burglary, and one count of gross sexual imposition. On July 9, 2007, jury trial commenced. On July 11, 2007, the jury found appellant guilty on all counts. On August 7, 2007, appellant was sentenced to a total term of incarceration of 12 years. On September 11, 2007, a timely notice of appeal was filed.
 {¶ 11} In his single assignment of error, appellant contends that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. In support, appellant claims that the state failed to prove the element of trespass in support of the offenses. Appellant suggests that since he and the woman were acquainted with one another and knew each other by their "street" names prior to this incident, this somehow undermines the element of trespass.
 {¶ 12} A criminal conviction may be overturned on appeal if there is insufficient evidence or it is against the manifest weight of the evidence. In considering a challenge based upon the sufficiency of the evidence, we must determine whether the evidence submitted to the trial court was legally sufficient to establish the elements of the charged offense. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. In resolving the sufficiency question, we ascertain whether the evidence presented, if believed, would satisfy an *Page 5 
average person of the defendant's guilt beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 13} In conjunction with the above analysis, we must also consider whether the verdict was against the manifest weight of the evidence. When examining whether the conviction went against the manifest weight of the evidence, the appellate court serves as a "thirteenth juror" to conclude whether the trial court lost its way so significantly as to result in a manifest miscarriage of justice. Thompkins at 387.
 {¶ 14} We must review and consider the record of evidence, all reasonable inferences, and consider witness credibility. Given the trial court's unique opportunity to closely observe and assess the demeanor and credibility of the witnesses and evidence presented, we grant substantial deference to the trial court's determinations. State v.Mickles, 6th Dist. No. L-05-1206, 2006-Ohio-3803.
 {¶ 15} We have carefully scrutinized the record of evidence for any indicia in support of the notion that the conviction was not rooted in evidentiary support sufficient to satisfy an average juror of appellant's guilt and thereby resulted in a manifest miscarriage of justice.
 {¶ 16} The state of Ohio presented testimony of multiple officers convinced of appellant's guilt based upon their criminal investigation and the testimony of the SANE nurse who interviewed the victim, physically examined her, and documented the cervical bruising, vaginal tearing, and bite marks upon the victim. The state also presented the testimony of a BCI forensic scientist verifying that the DNA from the rape kit matched *Page 6 
appellant, the testimony of an eyewitness neighbor, who observed appellant leaving the victim's home at the time of the incident, and detailed testimony from the victim herself consistent with the rest of the evidence.
 {¶ 17} In contravention to appellee's compelling spectrum of objective factual evidence, appellant presented no contradictory evidence beyond his own self-serving testimony. Appellant initially denied to the investigating officers any knowledge of the woman or any sexual relations. When confronted with pending DNA analysis, appellant recalled the identity of the woman and recalled a one-time allegedly consensual encounter with her. At trial, appellant claimed that when he went to her home looking for his friend and was advised that his friend was not there, the woman opened up her door and invited him in to the sofa to "kick it" for a minute. Appellant claims the woman next removed her clothes, despite having just gotten dressed for work, and initiated sex with him. Appellant offers no factual evidence of his purported innocence. Her physical condition and injuries following the incident does not comport with appellant's claims.
 {¶ 18} Given ample, objective evidence presented by appellee and scant, subjective claims offered by appellant, we cannot say that appellant's conviction was not supported by sufficient evidence or was against the manifest weight of the evidence. A reasonable juror could conclude that appellant trespassed into the woman's home and forcibly raped her. Appellant's assignment of error is found not well-taken.
 {¶ 19} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the cost of his appeal pursuant to *Page 7 
App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J., CONCUR. *Page 1