DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Ottawa County Municipal Court, following a jury trial, in which appellant, Mark Zaciek, was found guilty of one count of violating a protection order, in violation of R.C. 2919.27(A). On appeal, appellant sets forth the following three assignments of error: *Page 2 
 {¶ 2} "Assignment of Error No. 1
 {¶ 3} "The trial court erred in allowing the jury verdict to stand despite the fact that such verdict was against the manifest weight of the evidence.
 {¶ 4} "Assignment of Error No. 2
 {¶ 5} "The appellant was denied effective assistance of counsel, as guaranteed by the Sixth Amendment to the United States Constitution.
 {¶ 6} "Assignment of Error No. 3
 {¶ 7} "The trial court committed plain error prejudicial to the appellant by allowing the prosecutor to introduce evidence of appellant's prior misdemeanor conviction for a violation of a temporary protection order."
 {¶ 8} Appellant and his ex-wife, Renee, are the parents of one minor child, a daughter. At the time this case arose, appellant was living in Bedford, Michigan, and Renee was residing at the couple's former home in Williston, Ohio. After the parties divorced, Renee married Thomas Mathews. Mathews owned a cottage on North Alpine Road in Lakeside, Marblehead, Ohio at which Mathews, Renee and her daughter often spent weekends.
 {¶ 9} On May 24, 2006, an agreed-upon civil protection order was journalized which, for unstated reasons, limited appellant's ability to contact either Renee or Mathews. The order did not prevent appellant "from having contact, phone, personal, letter or other forms of communication regarding the minor child on issues dealing with the minor child." However, the order further stated that: *Page 3 
 {¶ 10} "[Appellant] shall be permitted to enter the driveway at the residence for purposes of picking up and dropping off the party's minor child per the Lucas County court designated pick up and drop off time. [Appellant] shall not drive on State Route 4 between US 23 and State Route 423 in Marion, Ohio. [Appellant] shall not drive on North Alpine Road in Lakeside, Marblehead, Ohio."
 {¶ 11} On October 15, 2007, a complaint was filed against appellant in the Ottawa County Municipal Court which alleged that, "on or about September 21, 2007, [appellant] did recklessly violate a term of a protection order issued or consent agreement." On October 26, 2007, appellant, through counsel, entered a not guilty plea. A jury trial was held on May 13, 2008, at which testimony was presented by Mathews and appellant.
 {¶ 12} Mathews testified at trial that at approximately 4:00 p.m. on September 21, 2007, he was spending the weekend at the cottage with friends, when he saw appellant at the local bait shop. Mathews further testified that when he left the bait shop, appellant followed in his vehicle, all the way to the cottage on North Alpine Road. Upon arriving at the cottage, appellant asked to see his daughter. Mathews told him the child was in school, after which appellant drove away. Mathews stated that, after appellant left the cottage, he saw an envelope taped to the door with a letter inside from appellant.
 {¶ 13} On cross-examination Mathews stated that, while it is possible for appellant's daughter to be picked up in Marion, almost two hours away, and transported to the cottage by 4:00 p.m. on a school day, it is not likely. In any event, weekend visitation does not begin until 7:00 p.m. Mathews said that appellant frequently left his *Page 4 
business cards at Mathews' home and office, even though appellant was ordered to have no contact with Mathews.
 {¶ 14} At the close of Mathews' testimony, appellant's attorney stated that he wished to make the "normal motions" in order to "preserve the record," which the trial court treated as a motion to dismiss pursuant to Civ. R. 29. After finding that sufficient evidence was presented as to each of the elements of the charged offense, the motion was denied. Testimony was then presented by appellant.
 {¶ 15} Appellant testified at trial that he last visited his daughter on December 3, 2006. However, on September 21, 2007, he went to his former residence in Williston, Ohio, expecting to pick up his child for weekend visitation at 5:00 p.m. However, the home had been sold to another family. Appellant stated that he then drove to the cottage and taped a letter to the door. Later, he decided to follow Mathews to the cottage to inquire about his daughter's whereabouts.
 {¶ 16} On cross-examination, appellant admitted that his divorce decree lists 7:00 p.m. as the beginning of weekend visitation. When appellant was questioned concerning whether he has ever been told not to go to the cottage except to pick up his daughter for visitation, defense counsel objected, stating that the prosecution was attempting to improperly introduce evidence of appellant's prior conviction for violating the same protective order on a different occasion. The trial court agreed with defense counsel, and the question was withdrawn. However, appellant later admitted, without objection, that *Page 5 
he had been convicted of doing "this very thing in the past." On redirect, appellant stated that his prior violation was for driving by the cottage and waving at Mathews.
 {¶ 17} At the close of appellant's testimony, the trial court instructed the jury as to the elements of the charge against appellant and the burden of proof necessary to obtain a conviction in this case. As to appellant's prior conviction, the trial court gave the jury the following limiting instruction:
 {¶ 18} "Evidence was received that the Defendant was convicted of a previous temporary protection order violation. That evidence was received only for two limited purposes. It was not received and you cannot consider it proof of the character of the Defendant in order to show that he acted in conformity or in accordance with that (inaudible).
 {¶ 19} "If you find that the Defendant was convicted of a temporary protection order violation, you may consider the evidence only for the following purposes: To test the Defendant's credibility, the weight to be given to the Defendant's testimony, and to decide whether it proves the Defendant's motive, opportunity, intent or purpose, preparation or plan to commit the offence charged in this trial.
 {¶ 20} "Now this evidence cannot be considered for any other purpose than those two statements."
 {¶ 21} During closing arguments, the prosecutor twice mentioned appellant's prior violation of the protective order. Thereafter, defense counsel reminded the jury of the trial court's limiting instruction. *Page 6 
 {¶ 22} After a short period of deliberation, the jury found appellant guilty. The matter proceeded immediately to a sentencing hearing. At the beginning of the hearing, the trial court told appellant that his attorney did "an admirable job of zealous representation," but counsel "can't deal with something that isn't there." The trial court also stated that appellant clearly did not have scheduled visitation with his daughter on September 21, 2007, and he had no reasonable expectation that his daughter would be at the cottage on that day. The trial court also stated that appellant is a "stalker" who drove down North Alpine Road in spite of being ordered not to do so. When defense counsel argued in mitigation that appellant is allowed to drive on North Alpine Road to pick up his daughter for visitation, the trial court disagreed, stating:
 {¶ 23} "* * * [The order] says, `You shall not drive on State Route 4 and U.S. 23 and State Route 423 in Marion. You shall not drive on North Alpine Road in Lakeside Marblehead, Ohio.'
 {¶ 24} "It doesn't say, `Except visitation.' That is included in the prohibition clause we are talking about * * *.
 {¶ 25} "You were told you have to stay off of North Alpine Road and [appellant] doesn't. Now I don't know, where is there mitigation in this case, [defense counsel]? Where is there mitigation?"
 {¶ 26} After making the above comments, the trial court stated that the only way to prevent appellant from stalking his ex-wife and her husband is to put him in jail. Accordingly, the trial court sentenced appellant to serve 180 days in jail, plus 150 days *Page 7 
remaining from his prior sentence for violating the protective order. The trial court further stated that appellant's sentence was eligible for review after 60 days. A timely notice of appeal was filed on June 12, 2008.
 {¶ 27} In his first assignment of error, appellant asserts that the jury's verdict was against the manifest weight of the evidence. In support, appellant makes two separate arguments. First, appellant argues that the protection order allows him to drive on North Alpine Road in order to pick up his child for visitation. Second, appellant argues that the jury clearly was misled by the introduction of evidence concerning his prior violation of the order.
 {¶ 28} When determining whether a criminal conviction was against the manifest weight of the evidence, an appellate court "serves as a `thirteenth juror' to conclude whether the trial court lost its way so significantly as to result in a manifest miscarriage of justice."State v. Reed, 6th Dist. No. L-07-1298, 2008-Ohio-5290, ¶ 13, citingState v. Thompkins (1977), 78 Ohio St.3d 380, 387. In so doing, we must review the entire record, weigh the evidence and all reasonable inferences and consider the credibility of witnesses. Id., ¶ 14;State v. Martin (Feb. 9, 1983), 1st Dist. No. C-820238. In such cases, "[g]iven the trial court's unique opportunity to closely observe and assess the demeanor and credibility of the witnesses and evidence presented, we grant substantial deference to the trial court's determinations." Id.
 {¶ 29} The record shows that the civil protection order prohibited appellant from driving on North Alpine Road, where Mathews' cottage was located. The order also *Page 8 
states that appellant is only allowed contact with his ex-wife and Mathews at their "residence" and only for purposes of effecting visitation with appellant's daughter. Appellant and Mathews both testified that appellant drove on North Alpine Road on September 21, 2007.
 {¶ 30} In spite of any ambiguity as to whether the cottage is considered a "residence," the fact remains that appellant was only allowed to contact Mathews, his ex-wife and his daughter for visitation purposes. While appellant claims that his purpose in driving to the cottage was to pick up his daughter for visitation the jury, which had the opportunity to observe both appellant and Mathews at trial, could reasonably have believed otherwise. Accordingly, appellant has demonstrated no prejudice caused by testimony as to an earlier violation of the civil protection order, particularly since the trial court gave an adequate limiting instruction as to the permitted use of such evidence.
 {¶ 31} After reviewing the entire record that was in the trial court and weighing the evidence therein, making all reasonable inferences, and considering the credibility of the witnesses, we conclude that the jury did not lose its way so significantly as to cause a manifest miscarriage of justice. Appellant's first assignment of error is not well-taken.
 {¶ 32} In his second assignment of error, appellant asserts that he was denied effective assistance of appointed defense counsel. In support, appellant first argues that defense counsel's performance was deficient because counsel did not object to the introduction of evidence concerning his prior violation of the civil protection order. Next, appellant argues that defense counsel inappropriately "opened the door" to *Page 9 
testimony concerning appellant's other contacts with law enforcement while cross-examining Mathews. Finally, appellant argues that defense counsel did not adequately support his Civ. R. 29 motion at the close of the state's case, which resulting in the trial court's refusal to dismiss the charges against appellant.
 {¶ 33} In order to demonstrate that a trial attorney was ineffective, the appellant must show: (1) that trial counsel made errors so egregious that he or she was not functioning as the "counsel" guaranteed under theSixth Amendment, and (2) that counsel's deficient performance prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 668, 687. In other words, the appellant must show that, due to counsel ineffectiveness, the proceeding was so demonstrably unfair that there is a reasonable probability that, absent counsel's deficient performance, the result would have been different. Id. at 684.
 {¶ 34} In evaluating a claim of ineffective assistance of counsel, "[t]rial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. State v.Carver, 2d Dist. No. 21328, 2008-Ohio-4631, ¶ 112, citingStrickland, at 689. "Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." Id. *Page 10 
 {¶ 35} We note initially that the trial transcript contains defense counsel's objection to the introduction of testimony concerning appellant's prior violation of the civil protection order. Appellant's argument to the contrary is without merit.
 {¶ 36} As to appellant's second argument, during cross-examination by defense counsel as to whether Mathews had any "issues" with appellant other than visitation, Mathews attempted to state that he asked the Marion County Prosecutor to send "letters" to appellant. At that point, defense counsel interrupted by saying that Mathews' comments were non-responsive, and the trial court interjected that they were impermissible hearsay.
 {¶ 37} As to appellant's third argument, on appeal for the denial of a Crim. R. 29(A) motion "`the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" State v. Williams,74 Ohio St.3d 569, 576, 1996-Ohio-91, quoting State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. The record shows that, before denying appellant's "normal" motion to dismiss, the trial court found that sufficient evidence had been presented as to all the essential elements of the charged offense. As set forth above, the record supports the trial court's conclusion.
 {¶ 38} On consideration of the foregoing, we cannot say that counsel's performance was ineffective. Appellant's second assignment of error is not well-taken. *Page 11 
 {¶ 39} In his third assignment of error, appellant asserts that the trial court committed plain error by allowing the prosecutor to cross-examine appellant concerning his prior violation of the civil protection order. In support, appellant argues that "the only purpose" of the prosecutor's question was to show that appellant had violated the protection order on a prior occasion, making it more likely that he violated that same order on this particular occasion.
 {¶ 40} The failure to object to testimony at trial waives all but plain error on appeal. State v. Caplinger (1995), 105 Ohio App.3d 567,570-571; Crim. R. 52(B). "Notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." State v.Humphrey, 10th Dist. No. 07AP-837, 2008-Ohio-6302, ¶ 25, citingState v. Landrum (1990), 53 Ohio St.3d 107, 111. "Under the plain error standard, an appellant must demonstrate that the outcome of his trial would clearly have been different but for the trial court's errors." Id., citing State v. Moreland (1990), 50 Ohio St.3d 58, 62.
 {¶ 41} As set forth above, defense counsel initially objected to the prosecutor's questions about prior violations of the protective order, and the question was withdrawn. Although appellant later testified, without objection, that he had done "this very thing in the past," defense counsel followed up by allowing appellant to state that the violation was for driving by and "waving." In addition, the trial court gave a limiting instruction to the jury. Finally, as set forth in our determination of appellant's first and second *Page 12 
assignments of error, appellant has not presented evidence to demonstrate that, but for the alleged error, the outcome of his trial would have been different.
 {¶ 42} On consideration of the foregoing, this court finds no plain error. Appellant's third assignment of error is not well-taken.
 {¶ 43} The judgment of the Ottawa County Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski J., Arlene Singer, J., Thomas J. Osowik, J., Concur. *Page 1