[Cite as *Deliere v. Ohio Dept. of Transp.*, 2011-Ohio-3781.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ALBERTA DELIERE

　　Plaintiff

　　v.

OHIO DEPT. OF TRANSPORTATION

　　Defendant

　　Case No. 2011-01402-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Alberta Deliere, filed this action against defendant, Department of Transportation (ODOT), contending her 2001 Buick LeSabre was damaged on May 28, 2010 as a proximate cause of negligence on the part of ODOT in maintaining a hazardous roadway condition in a construction area on State Route 700 in Geauga County. Specifically, plaintiff claimed the rear shock absorbers on her car were damaged when the vehicle traveled over a pavement transition area at a bridge approach approximately "1 mile from Rte 422 intersection." Plaintiff explained State Route 700 had been resurfaced during May 2010 and the roadway resurfacing had left a dangerous transition area at the bridge approach. Plaintiff recalled she "was not traveling very fast as I just was in a 45 mile/hr area" when her car moved across the bridge surface transition and "hit bottom." Plaintiff reported she continued to drive her car "until I heard metal on metal in November/2010." According to plaintiff, she responded by taking her automobile to a service garage where she was informed the

rear control arm bushings on her vehicle were damaged from traveling for a long period of time on broken shock absorbers. Attached to plaintiff's complaint were copies of three invoices for automotive repairs done by Burton Auto Service & Tire on December 3, 2010. Two of these invoices indicate repair work (including control arm bushings installations) was done on a 2001 Buick LaSabre with a mileage listing of 76,349 carrying license plate #AYO7JY. The third invoice shows rear air shocks were installed on a 2005 Buick LaSabre with a mileage listing of 75,640 bearing the license plate #AYO7J. Plaintiff alleged the shock absorbers on her Buick LaSabre were originally damaged on May 28, 2010 when she drove over a "bump" in the roadway created by an inadequate resurfacing job done by ODOT contractor, Shelly & Sands, Inc. (Shelly). Consequently, plaintiff filed this complaint seeking damages in the amount of $799.42, the cost of replacement parts, related repair expense, and car rental expense she incurred on December 3, 2010. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with her damage claim.

{¶ 2} Defendant acknowledged the area where plaintiff's described damage event occurred was located within the limits of a working construction project under the control of ODOT contractor, Shelly. Defendant also acknowledged Shelly performed resurfacing work on State Route 700 on May 27, 2010, one day prior to plaintiff's alleged damage incident. Defendant explained the particular construction project "dealt with grading, planing and resurfacing with asphalt concrete of SR 700 in Geauga County." Defendant from plaintiff's description located her alleged damage event at milepost 3.87 on State Route 700; an area within the construction project limits. Defendant asserted Shelly, by contractual agreement, was responsible for any damage occurrence mishaps within the construction zone on State Route 700, including the area where plaintiff's described incident occurred, milepost 3.87. Therefore, defendant argued that Shelly is the proper party defendant in this action. Defendant implied that all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. All work by the contractor was to be performed in accordance with ODOT mandated specifications and requirements and subject to ODOT approval. Furthermore, defendant maintained an onsite personnel presence on the construction project area.

{¶ 3} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contentions that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 5} Alternatively, defendant argued that neither ODOT nor Shelly had any knowledge "of the pavement on SR 700 prior to plaintiff's incident." Defendant reported that the particular incident was stated to have occurred at milepost 3.87 on State Route 700 which is within the construction project limits and has an average daily traffic volume between 2,880 and 3,000. Defendant related that ODOT "records indicate that

no calls or complaints were received at the Geauga County Garage regarding the pavement" at milepost 3.87 prior to the incident in question despite the fact that daily traffic volume exceeds 2,800 vehicles. Defendant contended that plaintiff failed to produce evidence establishing that her property damage was attributable to any conduct on either the part of ODOT or Shelly. Defendant argued that plaintiff did not offer sufficient evidence to prove her damage was caused by negligent roadway maintenance.

**{¶ 6}** Defendant submitted a letter from Shelly representative, Gary Tuttle, responding to plaintiff's damage claim. Tuttle provided the following documentation referencing work performed by Shelly on State Route 700. Tuttle wrote: "Shelly and Sands was contracted to perform resurfacing of the roadway with asphalt concrete. Bridge resurfacing was not part of the contacted work. Shelly and Sands completed all asphalt resurfacing work on May 27, 2010, one day prior to the date the claimant alleges her vehicle damage occurred. The asphalt road surface was matched to the bridge approach in accordance with ODOT specifications and accepted by ODOT September 8, 2010."

**{¶ 7}** Plaintiff filed a response stating "I find it hard to believe that no one else complained about the 'bump' or that ODOT didn't know." Plaintiff did not produce any demonstrative evidence depicting the particular roadway condition she claimed damaged her car. Plaintiff did not provide sufficient evidence to the trier of fact to establish her vehicle was damaged on May 28, 2010 by a roadway condition created by ODOT contractor, Shelly and approved by ODOT personnel.

**{¶ 8}** Generally, in order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the incident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff, in

the instant claim, has alleged that the damage to her vehicle was directly caused by construction activity of ODOT's contractor on May 27, 2010. Plaintiff has not submitted evidence to show that the repaved roadway surface was particularly dangerous or deviated from ODOT specifications.

{¶ 9} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. This court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's description of the damage incident to be persuasive. The court does not find plaintiff's assertions persuasive in regard to hazardous conditions created by resurfacing.

{¶ 10} Defendant may bear liability if it can be established if some act or omission on the part of ODOT or its agents was the proximate cause of plaintiff's injury. This court, as the trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 11} "If any injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. Evidence available tends to point out that the roadway was maintained properly under ODOT specifications. Plaintiff failed to prove her damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Vanderson v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-09961-AD, 2006-Ohio-7163; *Shiffler v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-07183-AD, 2008-Ohio-1600.

{¶ 12} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d

346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public both under normal traffic conditions and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462; *Rhodus*, 67 Ohio App. 3d 723, 588 N.E. 2d 864. In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant or its agents maintained a known hazardous roadway condition. See *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-419. Evidence has shown that the repavement project compiled with ODOT specifications. Plaintiff has not provided evidence to prove that the roadway area was particularly defective or hazardous or unknown to motorists. *Reed v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2004-08359-AD, 2005-Ohio-615. Plaintiff has failed to provide sufficient evidence to prove that defendant was negligent in failing to redesign or reconstruct the roadway repavement procedure considering plaintiff's incident appears to be the sole claimed incident in this area. See *Koon v. Hoskins* (Nov. 2, 1993), Franklin App. No. 93AP-642; also, *Cherok v. Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2006-01050-AD, 2006-Ohio-7168.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ALBERTA DELIERE

    Plaintiff

    v.

OHIO DEPT. OF TRANSPORTATION

    Defendant

Case No. 2011-01402-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Alberta Deliere
18333 Claridon Troy Road
Hiram, Ohio 44234

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

RDK/laa
3/24
Filed 4/20/11
Sent to S.C. reporter 7/29/11