[Cite as *State v. Goodson*, 2016-Ohio-1535.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 101830 and 101831**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# CASSANDRA GOODSON

DEFENDANT-APPELLANT

## JUDGMENT:
VACATED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-580768-A and CR-14-582561-A

**BEFORE:** Kilbane, P.J., Stewart, J., and Boyle, J.

**RELEASED AND JOURNALIZED:** April 14, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
Erika B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Anthony Thomas Miranda
Anna M. Faraglia
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, P.J.:

{¶1} In this consolidated appeal, defendant-appellant, Cassandra Goodson ("Goodson"), appeals from her guilty plea and 44-year sentence in two separate cases, for six counts of sexual battery, five counts of unlawful sexual conduct with a minor, and one count of interference with custody of a child. For the reasons set forth below, we vacate her guilty plea and sentence in both cases and remand the matter for further proceedings consistent with this opinion.

{¶2} In December 2013, Goodson was charged in Case No. CR-13-580768-A, with 12 counts of sexual battery, 15 counts of unlawful sexual conduct with a minor, and 2 counts of interference with custody of a minor. These charges allege that the misconduct occurred between February and December 2013, and involve a 13-year-old juvenile who received treatment at Parmadale. Parmadale, which is now closed, was a juvenile residential treatment facility where Goodson worked as an emotional strength coach. According to the juvenile victim, Goodson engaged in sexual conduct with her multiple times at Parmadale, at Goodson's mother's home, and at a hotel room in Warrensville Heights. The victim also stated that Goodson convinced her to leave Parmadale before her treatment ended. The victim stole her mother's car and spent the night with Goodson at a motel.

{¶3} In February 2014, Goodson was charged in Case No. CR-14-582561-A with four counts of sexual misconduct. These charges allege that the misconduct occurred between November 2007 and March 2008, and involved a 15-year-old juvenile also

receiving treatment at Parmadale.  After the 15-year-old was released from Parmadale, she and Goodson engaged in sexual conduct.

{¶4} Goodson initially pled not guilty in both cases.  In June 2014, she withdrew her not guilty plea on the advice of her attorney that the longest sentence she would receive would be between 10 and 12 years in prison.  Goodson then entered into a plea agreement with the state.  In CR-13-580768, Goodson pled guilty to six counts of sexual battery (third-degree felonies), two counts of unlawful sexual conduct with a minor (third-degree felonies), and one count of interference of custody of a child (a first-degree misdemeanor).  In CR-14-582561, she pled guilty to three counts of unlawful sexual conduct with a minor (third-degree felonies).  In exchange, the remaining counts in both cases were nolled.

{¶5} The matter proceeded to sentencing in July 2014.[1]  The trial court sentenced Goodson to four years in prison for each third-degree felony count in both cases (a total of 11 counts) and ordered that the sentences be served consecutively.  The trial court also sentenced Goodson to six months in prison for the first-degree misdemeanor, to be served concurrently, for a total of 44 years in prison.

{¶6} Goodson now raises the following four assignments of error for review.

Assignment of Error One

This court should vacate [Goodson's] guilty plea because she did not enter it knowingly, intelligently, and voluntarily.

---

[1] Both parties agreed that none of the offenses were allied offenses for purposes of merger.

## Assignment of Error Two

The sentence of 44 years that the trial court imposed is contrary to law and violated [Goodson's] rights under the Eighth Amendment.

## Assignment of Error Three

[Goodson] received ineffective assistance of counsel in connection with her guilty plea.

## Assignment of Error Four

The trial court abused its discretion by failing to allow [Goodson] to withdraw [her] guilty plea where the evidence she submitted in support of the motion established a manifest injustice.

## Guilty Plea

{¶7} In the first assignment of error, Goodson argues that her plea colloquy fell short in several respects and resulted in a guilty plea that was not entered knowingly and intelligently.

{¶8} The process of accepting pleas of no contest and guilty is governed by Crim.R. 11. Crim.R. 11(C) provides the trial court with certain requirements that must be met before it may accept such pleas. Relevant to the instant case, Crim.R.11(C)(2)(a) provides that

> [i]n felony cases the court may refuse to accept a plea of guilty * * *, and shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation

or for the imposition of community control sanctions at the sentencing hearing.

**{¶9}** In determining whether the trial court has satisfied its duties under Crim.R. 11(C)(2), reviewing courts distinguish between constitutional and nonconstitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14-21. The trial court must strictly comply with the requirements of Crim.R. 11(C)(2)(c) relating to the waiver of constitutional rights. *Id.* at ¶ 18. As to the nonconstitutional aspects of Crim.R. 11(C)(2), including the defendant's right to be informed of the "maximum penalty involved," substantial compliance is required. *Id.* at ¶ 14; *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), syllabus. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* at 108, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977); *State v. Carter*, 60 Ohio St.2d 34, 396 N.E.2d 757 (1979). Even if a trial court makes an error in attempting to comply with Crim.R. 11(C)(2)(a), "'if it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance.'" *State v. Thomas*, 8th Dist. Cuyahoga No. 94788, 2011-Ohio-214, ¶ 13, quoting *State v. Caplinger*, 105 Ohio App.3d 567, 572, 664 N.E.2d 959 (4th Dist.1995). In addressing substantial compliance, we have stated:

> Substantial compliance requires that an on the record dialogue take place, where defendant is orally informed of the possible sentence. * * * The trial court cannot misinform the defendant about the possible sentence. * * * The court must inform defendant if he would be required to serve actual

time in prison * * * and must disclose the length of the mandatory actual incarceration.

*State v. Dawson*, 8th Dist. Cuyahoga No. 61828, 1993 Ohio App. LEXIS 223, *5-6 (Jan. 23, 1993).

{¶10} If an appellate court finds that a trial court did not substantially comply with a requirement of Crim.R. 11(C)(2)(a) regarding a nonconstitutional right, it must then make a further determination as to whether the trial court "partially complied" or "completely failed" to comply with the requirement. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32. If the trial court partially complied, the plea may be vacated only if the defendant demonstrates a prejudicial effect, i.e., that the defendant would not have otherwise entered the plea. *Id.*, citing *Nero*; *Stewart*. However, if the trial court completely failed to comply, the plea must be vacated. *Id.*, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224. "A complete failure to comply with the rule does not implicate an analysis of prejudice.'" *Id.*, quoting *Sarkozy* at ¶ 22.

{¶11} In the instant case, the court advised Goodson, with regard to her sentence:

[COURT]: With the exception of Count 28 in the other case, which is a misdemeanor, every single one of these charges is a felony of the third degree. And these are what are known as high tier felonies of the third degree, which means the potential prison sentence that I can give you in this matter is as follows: 12, 18, 24, 30, 36, 42, 48, 54, or 60 months. So I can choose a prison sentence based upon one of those numbers.

Do you understand that?

[GOODSON]: Yes.

[COURT]: If I so choose I can run the sentences concurrent, which means all together, or I can run them back-to-back to one another, or consecutive, assuming I make certain findings required by House Bill 86.

Do you understand that?

[GOODSON]: Yes.

[COURT]: Some of these counts may merge at the time of sentencing. We will get into that at the sentencing hearing. Although you are pleading guilty to all of those counts, in the end you may not be sentenced on all of those counts.

Do you understand?

[GOODSON]: Yes.

{¶12} Based on the foregoing colloquy, we find that the court did not clearly explain to Goodson that she could be sentenced to either 12, 18, 24, 30, 36, 42, 48, 54, or 60 months for each count. Instead, the court merely stated "the potential prison *sentence* that I can give you *in this matter* is as follows: 12, 18, 24, 30, 36, 42, 48, 54, or 60 months." (Emphasis added.) Based on this language, Goodson had no basis to understand from the court that the maximum sentence she could receive consisted of a sentencing range from 12 to 60 months in prison for each count.

{¶13} Considering the totality of these circumstances, we cannot say Goodson subjectively understood at the plea hearing what the maximum penalty would be for each of the offenses at issue. As a result, the trial court did not substantially comply with Crim.R. 11(C)(2)(a) in accepting her guilty plea.

{¶14} Our inquiry, however, does not end here. We must now determine whether the trial court partially complied — requiring a prejudice analysis — or whether it

"completely failed" to comply — requiring no prejudice analysis. Based on our review of the record, we conclude that the trial court completely failed to comply with Crim.R. 11(C)(2)(a) to ensure that Goodson understood what the maximum penalty would be for each offense. Here, the trial court did not inform Goodson of her maximum sentencing exposure before it accepted her guilty plea. As a result, the trial court "completely failed" to comply with this requirement of Crim.R. 11(C)(2)(a), and no prejudice analysis is required. Because the record reflects that Goodson was unaware of the maximum penalty for each count, we find that she did not enter her plea knowingly, intelligently, and voluntarily. Therefore, we vacate Goodson's guilty plea in Case Nos. CR-13-580768 and CR-14-582561.

{¶15} Accordingly, the first assignment of error is sustained.

### Remaining Assignments of Error

{¶16} In the second assignment of error, Goodson argues her 44-year sentence is contrary to the law because it fails to comply with the purposes of the Ohio's sentencing statutes and is not consistent with sentences imposed for similar crimes committed by similar offenders as set forth in R.C. 2929.11. In the third and fourth assignments of error, Goodson challenges the effectiveness of trial counsel and the trial court's denial of her motion to withdraw her guilty plea. However, these remaining assignments of error are moot in light of our disposition of the first assignment of error.[2] App.R. 12(A)(1)(c).

---

[2]While our disposition of the first assignment of error renders the remaining assignments of error moot, we note that Goodson's 44-year sentence seems inconsistent when compared to similar offenders. In her motion to withdraw,

**{¶17}** Accordingly, Goodson's guilty plea and sentence in Case Nos. CR-13-580768 and CR-14-582561 are vacated. Both matters are remanded to the trial court for further proceedings consistent with this opinion

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, PRESIDING JUDGE

MELODY J. STEWART, J., and
MARY J. BOYLE, J., CONCUR

---

Goodson offered the following evidence: *State v. Brown*, Case Nos. CR-02-421496 and CR-02-429780 (Brown was employed as supervisory personnel at Parmadale. He pled guilty to dozens of counts of GSI and was sentenced to a total of eight years in prison.); *State v. Zembower*, Case No. CR-02-431388 (Zembower was employed as supervisory personnel at Parmadale. He pled guilty to two sexual battery counts, several trafficking in harmful intoxicant counts, and numerous unlawful restraint counts. He was sentenced to three years in prison and granted judicial release after one year.) *State v. Smith III*, Case No. CR-02-431115 (Smith was employed as supervisory personnel at Parmadale. He pled guilty to attempted GSI and was sentenced to two years of community control sanction); and *State v. Petrovich*, Case No. CR-02-431397 (Petrovich was employed as supervisory personnel at Parmadale. He was charged with taking a 15-year-old resident off of the campus and having sexual intercourse with her. He pled guilty to importuning and was sentenced to six months of community control sanction.) In light of the foregoing, it appears that her 44-year sentence is inconsistent with similarly situated offenders.