[Cite as *State v. Arias* , 2018-Ohio-2400.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106112**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ROBERT M. ARIAS**

DEFENDANT-APPELLANT

**JUDGMENT:**
VACATED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-16-606437-A and CR-17-616368-A

**BEFORE:** Kilbane, P.J., S. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** June 21, 2018

**ATTORNEY FOR APPELLANT**

Joseph V. Pagano
P.O. Box 16869
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
Carl Sullivan
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, P.J.:

{¶1} Defendant-appellant, Robert Arias ("Arias"), appeals his sentence and guilty plea. For the reasons set forth below, we vacate his guilty plea and sentence and remand the matter for further proceedings consistent with this opinion.

{¶2} In April 2017, Arias was arrested as a result of an investigation by the Internet Crimes Against Children Task Force ("ICACTF"). At the time of his arrest, Arias was on community control sanctions in another case. Arias was subsequently charged in this case in a 26-count indictment. He was charged with 16 counts of pandering sexually oriented matter involving a minor, 9 counts of illegal use of a minor in nudity-oriented material or performance, and 1 count of possessing criminal tools. All of the charges constituted felonies of the second degree, except Counts 25 and 26 — use of a minor in nudity-oriented material and possessing criminal tools, which are felonies of the fourth and fifth degree, respectively.[1]

{¶3} In June 2017, Arias entered into a plea agreement with the state. Arias plead guilty to the sixteen counts of pandering sexually oriented matter involving a minor (Counts 1-16), three counts of illegal use of a minor in nudity-oriented material or performance (Counts 22-24), and one count of possessing criminal tools (Count 26). The remaining counts were nolled. The parties agreed that the offenses were nonallied offenses, Arias would be classified as a Tier II sex offender, and Arias would forfeit all electronic devices.

---

[1]Count 25 carried a furthermore clause that Arias has been previously convicted of or pled guilty to R.C. 2907.321–2907.323. Count 26 carried a forfeiture specification for various electronics owned by Arias.

**{¶4}** The trial court advised Arias of the maximum penalties for Counts 1-16 and 22-24 (second-degree felonies), but did not advise Arias of the possible maximum penalties for Count 26, a fifth-degree felony.

**{¶5}** At sentencing, the state advised that this case stemmed from a cyber tip. Arias was uploading images of child pornography to his email account. ICACTF investigators executed a search warrant at the home where Arias was staying with his friend, his friend's wife, and their seven-year-old son. ICACTF investigators found child pornography on multiple devices belonging to Arias. Arias admitted to investigators that he took naked pictures of the seven-year-old when he would exit the shower. Arias would hide behind the door and take the pictures. The state further advised that Arias has a prior conviction for sharing and downloading child pornography and is a registered sex offender. Arias was on probation at the time of sentencing for failing to register in his previous case, which occurred ten years earlier.

**{¶6}** The trial court then sentenced Arias to seven years in prison on each of Counts 1-16, to be served concurrent to each other, and seven years on Counts 22 through 24, to be served concurrent to each other. The court ordered that the sentence for Counts 1-16 and Counts 22-24 be served consecutive to each other for a total of 14 years in prison. The court also sentenced Arias to a consecutive term of 9 months for his probation violation in his previous case for an aggregate of 14 years and 9 months in prison. The trial court did not impose a sentence on Count 26 at the sentencing hearing, but the corresponding journal entry reflects a sentence of 6 months to be served concurrent to the other sentences. The court also did not imposed costs during the sentencing hearing, but the corresponding journal entry imposes costs against Arias in an amount equal to the costs of the prosecution.

**{¶7}** Arias now appeals, raising the following three assignments of error for review.

Assignment of Error One

[Arias's] plea was not knowingly, intelligent, or voluntary where he was not clearly and accurately informed of the maximum penalty.

Assignment of Error Two

[Arias's] sentence is contrary to law because the trial court did not impose sentence on Count 26 in open court and because the record does not support the imposition of consecutive sentences.

Assignment of Error Three

The trial court erred in imposing costs where it found [Arias] indigent, did not impose costs in open court[,] and failed to consider his inability to pay.

### Guilty Plea

{¶8}   In the first assignment of error, Arias challenges the validity of his plea, claiming the trial court did not inform him of the maximum possible penalty with regard to Count 26 — possessing criminal tools.   The state acknowledges this error in its appellate brief when it stated "[t]he trial [court] laid out the maximum penalties for the felonies of the second degree and the post-release control requirements[,] but did not lay out the possible penalties for a felony of the fifth degree."   The state, however, argues this error is harmless.

{¶9}   When a defendant enters a plea in a criminal case, the plea must be knowingly, intelligently, and voluntarily made.   "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450, citing *Kercheval v. United States*, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927); *Mabry v. Johnson*, 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984); *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991); Crim.R. 11(C).   Crim.R. 11(C)(2) governs the acceptance of guilty pleas in felony cases.   It provides:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

*Id.*

{¶10} The underlying purpose of Crim.R. 11(C) is to convey information to the defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). The standard of review we must apply for compliance with the requirements set forth in Crim.R. 11(C) is de novo. *State v. Darling*, 8th Dist. Cuyahoga No. 104517, 2017-Ohio-7603, ¶ 17, citing *State v. Roberts*, 8th Dist. Cuyahoga No. 89453, 2010-Ohio-3302, ¶ 19, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). It requires an appellate court to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C). *Roberts* at ¶ 19, citing *Stewart.*

{¶11} In determining whether the trial court has satisfied its duties under Crim.R. 11(C)(2), reviewing courts distinguish between constitutional rights and nonconstitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14-21. Relevant to the

instant case, Arias contends that the trial court did not comply with advising him of the nonconstitutional right to be informed of the maximum possible penalty on Count 26.

{¶12} We note that with regard to the nonconstitutional aspects of Crim.R. 11(C)(2)(a) and (b), "substantial compliance" is sufficient. *Veney* at ¶ 14. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977); *State v. Carter*, 60 Ohio St.2d 34, 396 N.E.2d 757 (1979). "'[I]f it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance.'" *State v. Thomas*, 8th Dist. Cuyahoga No. 94788, 2011-Ohio-214, ¶ 13, quoting *State v. Caplinger*, 105 Ohio App.3d 567, 572, 664 N.E.2d 959 (4th Dist.1995).

{¶13} When the trial court does not substantially comply with Crim.R. 11 with regard to a nonconstitutional right, the reviewing court must determine whether the trial court partially complied or completely failed to comply with the rule. *State v. Cammon*, 8th Dist. Cuyahoga No. 105124, 2017-Ohio-5587, ¶ 16. If the trial court partially complied, the plea may be vacated only if the defendant demonstrates a prejudicial effect. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32. To demonstrate prejudice in this context, the defendant must show that the plea would not have otherwise been entered. *Id.* at ¶ 15, citing *Nero*. If, however, the trial judge completely failed to comply with the rule, the plea must be vacated and no analysis for prejudice is needed. *Clark* at ¶ 32, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d, 1224.

{¶14} In the instant case, the court advised Arias, with regard to the maximum penalty he

faced.

> THE COURT: Felonies of second degree [Counts 1-16 and Counts 22-24] carry anywhere from two to eight years in prison in yearly increments and/or fines of up to $15,000. Prison time is not mandatory, however, if you go to prison upon release on the felonies of the second degree, you would have a mandatory period of five years of post-release control; in the felony five it would be a discretionary period of three years post-release control. Post-release control could involve restrictions on your activities. If you were to violate those you could be returned to prison for up to one-half of your original sentence. Do you understand that?

> [Arias]: Yes, sir.

{¶15} Based on the foregoing colloquy, we find that while the court explained the potential postrelease control penalty to Arias for Count 26 — the second-degree penalty, the trial court did not explain what his maximum sentence could be on the actual charge. As a result, the trial court provided Arias with no basis to understand that the maximum sentence he could receive on Count 26 consisted of a sentencing range from six months to twelve months in prison in monthly increments. Thus, we cannot say Arias subjectively understood at the plea hearing what the maximum penalty would be on Count 26. Consequently, the trial court did not substantially comply with Crim.R. 11(C)(2)(a) in accepting his guilty plea.

{¶16} We must now determine whether the trial court partially complied, requiring a prejudice analysis — or whether it "completely failed" to comply, requiring no prejudice analysis. Based on our review of the record, we conclude that the trial court completely failed to comply with Crim.R. 11(C)(2)(a) to ensure that Arias understood what the maximum penalty would be for Count 26. Here, the trial court did not inform Arias of his maximum sentencing exposure to Count 26 before it accepted his guilty plea. We also note that it did not sentence Arias on Count 26 at the sentencing hearing. As a result, no prejudice analysis is required. Because the record reflects that Arias was unaware of the maximum penalty for Count 26, we

find that he did not enter his plea knowingly, intelligently, and voluntarily. *State v. Goodson*, 8th Dist. Cuyahoga Nos. 101830 and 101831, 2016-Ohio-1535, ¶ 14.

{¶17} While the instant case presents us with disturbing facts and Arias's total sentence would not have changed had he been advised of the maximum penalty on Count 26, the law compels us to vacate Arias's guilty plea and sentence.

{¶18} Therefore, the first assignment of error is sustained.

{¶19} In the second assignment of error, Arias challenges his sentence. In the third assignment of error, Arias challenges the trial court's imposition of court costs. These remaining assignments of error are moot in light of our disposition of the first assignment of error. App.R. 12(A)(1)(c).

{¶20} Accordingly, Arias's guilty plea and sentence in Case No. CR-17-616368-A are vacated. The matter is remanded to the trial court for further proceedings consistent with this opinion

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

_____

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
PATRICIA A. BLACKMON, J., CONCUR